STATE OF MISSOURI, Respondent, v. JOHN FEAGAN, Appellant.

St. Louis Court of Appeals, April 20, 1897.

1. **Prosecuting Attorney, Duty of, in Respect to Filing Informations.** *A prosecuting attorney is not required to take testimony, nor to have personal knowledge, to satisfy him that an offense has been committed, before he is authorized to file an information.*

2. **Druggists:** LIABILITY OF UNREGISTERED PHARMACIST FOR VIOLATION OF DRAMSHOP ACT. A merchant's license will not protect a druggist or proprietor of a drug store, who is not a registered pharmacist, from liability for a violation of the dramshop act (*State v. Gibson*, 61 Mo. App. 368); nor the fact that he has an experienced clerk in charge of the store.

*Appeal from the Madison Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

No briefs filed.

BLAND, P. J.—An information was filed in the office of the clerk of the circuit court, charging the defendant of a violation of the dramshop act, 1891, by selling whisky, etc., in a less quantity than three gallons. Defendant moved to quash and abate the information upon the grounds that the prosecuting attorney had no knowledge of the commission of the offense, and that he filed it without first taking testimony of creditable witnesses of its commission. Testimony was taken on a hearing of the motion. The motion was overruled. Of this ruling the appellant complains.

The law does not require the prosecuting attorney to take testimony to prove to his satisfaction that an offense has been committed before he is authorized to file his information, nor is he required to have personal knowledge of the fact before he may do so. Section 4057 of the Revised Statutes 1889, authorizes him to file an information from his personal knowledge of the commission of the offense, or upon his information and belief that it has been committed. In the performance of this part of his official duty he is presumed to act upon his oath of office, and it is not competent for the courts to inquire into that action further than to see that the information is based, either upon his knowledge of the commission of the offense or upon

*Margin note:* PROSECUTING attorney, duty of in respect to filing informations.

his information and belief that it has been committed.
One or the other of these facts should appear in the
body of the information, or by the affidavit of the
prosecuting attorney attached thereto, unless it is
based upon the affidavit of a competent witness, filed
with the clerk of the court or deposited with the pros-
ecuting attorney, as provided by section 4058, Revised
Statutes 1889. The fact that it may be shown, upon a
motion to quash or abate an indictment, that the grand
jury heard no evidence, is no authority for applying
the same rule to informations. A grand jury is re-
quired to hear evidence, and to make their present-
ments upon sworn testimony. No such requirement is
found in the code of criminal procedure with reference
to informations. Nothing of this kind is contemplated
by the statute. No authority is given the prosecuting
attorney to swear and examine witnesses, or to compel
a witness to go before an officer and make affidavit of
the commission of an offense. He is in many cases, if
he acts at all, compelled to act on information and
belief. If the law were otherwise, the hands of the
prosecuting attorney would be tied, and the prosecu-
tion of many offenses would be seriously hindered, if
not wholly prevented.

It appears from the evidence that one Dr. Goff,
who resided at Farmington, owned a drug store at
Marquand, fourteen miles away. He had a merchant's
license to conduct this business. His son
and the defendant were the clerks in the
drug store. The doctor visited it occasion-
ally. Neither young Goff nor the defendant
was a registered pharmacist, nor was there one in
charge of the store. According to this evidence, the
business of the store was unlawfully conducted. Sec-
tion 4610, Revised Statutes of 1889, requires that every
drug store shall be conducted by a registered pharma-

LIABILITY of
unregistered
pharmacist for
violation of
dramshop act.

cist. Every sale of spirituous, vinous or fermented liquors, or of drugs and medicines (except proprietary medicines) made in this store, was an unlawful sale. The sale of liquor in this case was not protected by the merchant license of Dr. Goff. *State v. Gibson*, 61 Mo. App. 368. The evidence proved the offense as charged. The fact that the defendant or that young Goff had had large experience as drug clerk, was no defense to this sale, or to the manner in which this drug store was conducted. The legal authority to compound the prescriptions of physicians and to conduct drug stores, requires something more than a merchant's license and experience as a drug clerk, to wit, the person in charge must be a registered pharmacist.

Judgment affirmed. All the judges concur.