STATE OF MISSOURI, Respondent, v. HUNT, Appellant.

St. Louis Court of Appeals, April 12, 1904.

CRIMINAL LAW: Information: Verification.  An information, verified by the prosecuting attorney, upon knowledge, information and belief, is in accord with the express terms of section 2477, Revised Statutes 1899, and adequate thereunder.

Appeal from Pemiscot Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED.

*W.. W. Corbett* for appellant.

The court erred in refusing to instruct the jury to find for the defendant. There was not enough evidence to support the verdict and it was the plain duty of the trial judge to have given the instructions. Hite v. Railroad, 130 Mo. 141; Riechenback v. Ellerbe, 115 Mo. 588; Jackson v. Harden, 83 Mo. 186.

*L. L. Collins* for respondent.

The information in this case is sufficient. R. S. 1899, sec. 2175. This information is good at common law. State v. Appling, 25 Mo. 315; State v. Rose, 32 Mo. 560. The information in this case is properly verified. R. S. 1899, sec. 2477.

REYBURN, J.—Defendant was prosecuted upon an information lodged by the prosecuting attorney of ·Pemiscot county, charging him and a party, whose identity need not be disclosed, with violation of section 2175, R. S. 1899. The information is verified by the prosecuting attorney upon knowledge, information and belief which is in accord with the express terms of the statute and adequate thereunder. Section 2477, R. S. 1899; State v. Bonner, 77 S. W. 463, invoked by appellant, merely announced that after amendment, of the succeeding section of the statute (Acts, 1901, p. 139) an information for prosecution of a felony filed by the prosecuting attorney must comply with the laws as amended by verification by oath of the prosecuting attorney, or by oath of some person competent to testify, or be supported by affidavit of such person filed with the information; and an information, failing to conform to any one of the three alternatives prescribed by the statute, should be quashed or judgment thereon arrested as not verified as required by law.

At the close of the testimony introduced on behalf of the State, defendant interposed a demurrer to the evidence, in the form of a request for an instruction directing the jury that there was no evidence sufficient to authorize the conviction of defendant, and the verdict should be in his favor, which the court refused and the trial proceeded to a conclusion, the jury returning a verdict of guilty as charged, and assessing his punishment at a fine of fifty dollars.

It would serve no good purpose to rehearse or exhibit the testimony developed in this proceeding, but in the administration of justice it suffices to state that a minute and careful review of the proof fails to reveal any evidence warranting a conviction of the defendant upon the charge made, and the verdict of his guilt thereof is wholly unsupported. The facts sworn to at the trial are one and all entirely in keeping and in harmony with the assumption and existence of the innocence of the defendant of the unlawful acts and conduct imputed to him. There is a signal and utter absence of any evidence establishing the accusation contained in the information; and there is no proof of the conduct therein recited. At the conclusion of the testimony offered to maintain the charge, the jury should have been instructed, as prayed by the defendant, to return a verdict of acquittal. The judgment is reversed and the defendant discharged. *Bland, P. J.*, and *Goode, J.*, concur.