## STATE OF MISSOURI, Respondent, v. JAMES HENAN, Appellant.

### St. Louis Court of Appeals, February 6, 1912.

1. **LOCAL OPTION: Simultaneous Pendency of Indictment and
Information: Identity of Offenses.** An indictment for the vio-
lation of the Local Option Law, which charged that defendant,
on November 14, 1908, sold one point of whiskey for the sum of
fifty cents (the purchaser not being named), and an informa-
tion for the violation of said law, subsequently filed, which
charged that defendant, on November 14, 1908, sold one half pint
of whiskey for twenty-five cents and one half pint each of other
named intoxicating liquors for the sum of twenty-five cents
each (the purchaser not being named), did not show on their
face that they charged the same offense against defendant.

2. ————: **Separate Offenses.** Each separate sale of intoxicating
liquor in violation of the Local Option Law constitutes a dis-
tinct offense, for which a separate presentment and conviction
may be had.

3. **LOCAL OPTION: Simultaneous Pendency of Indictment and
Information: Identity of Offenses.** An appellate court may
not, under section 5055, Revised Statutes 1909, quash an infor-
mation charging a sale of intoxicating liquor, in violation of
the Local Option Law, on the ground a pending indictment
charged the same offense against defendant, unless it conclu-
sively appears that the two alleged sales were in fact one and
the same sale.

4. **INDICTMENTS AND INFORMATIONS: Information: Filing on
Information and Belief.** Under section 5057, Revised Statutes
1909, authorizing a prosecuting attorney to file an information

charging a person with a crime, he may file an information on information and belief, without hearing the evidence upon which he bases the information.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*G. R. Balthrope* and *F. H. McCullough* for appellant.

(1) The information in this case, was illegally filed by the prosecuting attorney, because at the time of the filing of same, July 26, 1909, there was then pending in the circuit court of Knox county, Missouri (the same court), an indictment against the defendant for the same offense charged in said information. R. S. 1909, sec. 5055; State v. Gieseke, 209 Mo. 331; State v. Harvey, 214 Mo. 403. (2) The information is illegal, because it is not based upon any evidence. State v. Grady, 84 Mo. 222; State v. Cole, 145 Mo. 672; State v. Faulkner, 155 Mo. 696. (3) Section 12, article 2, Constitution of Missouri, provides that no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information. The action of the court, in this case, is clearly contrary to this provision, for defendant is tried under an information while indictment for same offense is pending.

*Claude M. Smith*, prosecuting attorney, for respondent.

(1) The information in this case was legally filed by the prosecuting attorney on his information and belief, which the statutes and decisions of our courts authorize and hold good. R. S. 1909, sec. 5057; State v. Hendrix, 87 Mo. App. 17; State v. Webb, 47 Mo. App. 599; State v. Hocker, 68 Mo. App. 415; State v.

Feagan, 70 Mo. App. 406; State v. Gamma, 149 Mo. App. 694. (2) Appellant contends that having been proceeded against by indictment before the present information was filed, the information should have been quashed and he should not have to answer to the information. This point is not good. State v. Gamma, 149 Mo. App. 694.

NORTONI, J.—Defendant was convicted of selling intoxicating liquors in violation of the Local Option Law, and from that judgment prosecutes the present appeal.

It appears that the grand jury preferred an indictment against defendant, charging him with selling whiskey, in violation of the Local Option Law in Knox county, on the 14th day of November, 1908, notwithstanding which the prosecuting attorney thereafter, in July, 1909, filed an information charging him with selling whiskey, alcohol, brandy, wine, gin and beer on the same day, November 14, 1908.

The record discloses that defendant was duly arraigned and pleaded not guilty to the several charges set forth in the information. Immediately thereafter he filed his motion to quash the information, because the indictment above mentioned was still pending against him. The statute (Sec. 5055, R. S. 1909), in consonance with the Constitution, authorizes misdemeanors to be prosecuted by indictment or information, in the court having jurisdiction thereof, as concurrent remedies; but the same statutes provides that that mode of procedure which shall be first instituted by the filing of the indictment or information for any offense shall be pursued to the exclusion of the other so long as the same shall be pending and undetermined. In support of his motion to quash, defendant introduced in evidence the indictment which had been returned against him by the grand jury, charging him with selling whiskey on November 14, 1908, and intro-

duced, too, the information involved here, which charges him with selling whiskey, alcohol, brandy, wine, gin and beer on the same date. Furthermore, the prosecuting attorney was sworn and testified touching the question as to whether or not both charges involved the same sale of intoxicating liquor. In State v. Gamma, 149 Mo. App. 694, 129 S. W. 734, we ruled that, as each sale of liquor in violation of the Local Option Law constitutes a distinct offense, it devolved upon the defendant, in support of his motion to quash or plea in abatement, under this statute, to show that the sale charged in the indictment then pending and the sale charged in the subsequent information as of the same date were identical. In other words, it was determined in that case, though it appeared from the indictment and the information the sales of intoxicating liquor charged were made to the same person by defendant on the same day, that alone was not conclusive in the appellate court, but in order to justify the appellate court in quashing the subsequent information on a conclusion of law that it charged the same offense as the prior indictment, something more must appear, to the end of identifying the two charges as the same offense, than the mere fact the sales were made by the same defendant on the same day to the same person, and the burden to show this fact rests with defendant.

When we view the indictment and information involved here, no such conclusive showing is made, and, indeed, the matter is not aided by the testimony of the prosecuting attorney given at the hearing. The indictment in evidence, which was preferred by the grand jury against defendant, charges him with having sold in Knox county, Missouri, on November 14, 1908, "One pint of whiskey for the sum and price of fifty cents" and this is all it charges touching that matter, and no one is specified therein as the purchaser. Nothing whatever in the indictment suggests to whom the

sale was made and the same may be said of the
information subsequently filed. Indeed, the informa-
tion does not purport to allege the identical sale of
whiskey at all, for, instead of averring that defend-
ant sold one pint of whiskey for the sum and price of
fifty cents, it charges that defendant sold on the 14th
day of November, 1908, one-half pint of whiskey for
twenty-five cents. After this, it alleges, too, that he
sold one-half pint of alcohol for twenty-five cents and
one-half pint of brandy for twenty-five cents and one-
half pint of wine for twenty-five cents and one-half
pint of gin for twenty-five cents and one-half pint
of beer for five cents and one-half pint of intox-
icating liquor for the price of twenty-five cents and
one-half pint of a beverage containing alcohol for
twenty-five cents. In none of these specifications is
there a charge that defendant sold a pint of whiskey
for fifty cents, and it does not appear in either the in-
formation or indictment as to whom any of the sales
referred to was made. Neither does the evidence of
the prosecuting attorney reveal any particular person
to whom any of the sales specified in either indictment
or information was made, though each and all of them
are alleged to have been made by defendant on the
same day in the same county. The evidence of the
prosecuting attorney is somewhat indefinite touching
the matter, and it affords reasonable inferences pro
and con on the question at issue. In view of this, it
was competent for the trial court to find the fact to be,
that the information subsequently filed did not charge
defendant with the identical offense as that declared
upon concerning the sale of one pint of whiskey for
fifty cents, in the prior indictment, which was still
pending. That each separate sale of intoxicating liq-
uor in violation of the Local Option Law constitutes
a separate and distinct offense for which a separate
presentment and conviction may be had is not to be
questioned. Such is the undoubted rule of decision.

[State v. Gamma, 149 Mo. App. 694, 129 S. W. 734; State v. Andrews, 27 Mo. 267; State v. Small, 31 Mo. 197.] This being true, the appellate court may not quash a subsequent information, charging a sale of intoxicating liquor by the same defendant on the same day, under the statute above referred to, unless it conclusively appears that the two alleged sales were, in fact, one and the same sale so as to reveal an identity of offense under the law. As the state of the evidence would support a finding of fact by the trial court either way on the question, the subject-matter is concluded so far as we are concerned.

It is argued the information should be quashed for the reason the prosecuting attorney testified he had not heard the evidence before the information was preferred, and decisions are cited to the effect that the grand jury is not justified in returning an indictment when no evidence is presented before it for consideration. Of this it is sufficient to say the authorities relied upon are not in point, for it is the province of the grand jury to subpoena witnesses and hear evidence touching the probability of defendant's guilt before preferring a true bill against him, but informations may be preferred by a prosecuting attorney as informant, under Sec. 5057, R. S. 1909, without an examination of the evidence as in the case of a grand jury. The prosecuting attorney is an officer who acts under his oath of office, and if an information preferred by him is properly signed and verified, as is the case here, upon his information and belief, it is sufficient on that score to place defendant upon his trial. The question has been expressly determined heretofore, as will appear by reference to State v. Feagan, 70 Mo. App. 406.

We have read the entire record and, while the testimony is somewhat indefinite, as is usual in cases of this character, it reveals an abundance of facts and circumstances tending to prove that defendant sold

separate drinks of whiskey at ten cents each to at least two persons on the date charged in the information. We see no reversible error in the record and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.