## STATE OF MISSOURI, Respondent, v. GEORGE MOORE, Appellant.

**St. Louis Court of Appeals, February 6, 1912.**

1. **LOCAL OPTION: Simultaneous Pendency of Indictment and Information: Identity of Offenses.** An indictment for the violation of the Local Option Law, which charged that defendant, on November 5, 1908, sold one-half pint of whiskey for the sum of twenty-five cents (the purchaser not being named), and an information for the violation of said law, subsequently filed, which charged that, "on *or about* November 5, 1908," defendant sold one-half pint of whiskey for the sum of twenty-five cents and one-half pint each of other named intoxicating liquors for the sum of twenty-five cents each (the purchaser not being named), did not show on their face that they charged the same offense against defendant.

2. **CRIMES AND PUNISHMENTS: Simultaneous Pendency of Indictment and Information: Identity of Offenses: Conclusiveness of Finding: Appellate Practice.** Where the evidence introduced on a motion to quash an information on the ground an indictment for the same offense was pending at the time the information was filed did not conclusively establish that the information and indictment charged the same offense, the action of the court in overruling the motion involved a finding of fact that they charged different offenses, which was conclusive on appeal.

3. ————: ————: ————: **Statute of Limitations.** Where, on a motion to quash an information on the ground an indictment for the same offense was pending at the time the information was filed, the court found as a fact that separate offenses were charged, it was not error for the court to refuse to direct an acquittal on the ground the prosecution was barred by the one year Statute of Limitations (section 4946, Revised Statutes 1909) by reason of the fact that the information, although filed

within a year after the offense was committed, did not become effective until the indictment was dismissed, and that it was not dismissed until more than a year had elapsed, since such contention, if sound, would apply only where the indictment and the information charged the same offense.

4. **LOCAL OPTION:** Adoption of Law: Mode of Proof. Where there is sufficient proof that the statutory notice was given that the Local Option Law had been adopted at an election and that it was in force thereafter, a conviction for a violation of that law is not invalid because no formal proof of publication in the form of an affidavit of the publisher appears to have been filed with the county court, since the law is concerned only with the fact of publication, and not with the manner in which proof of that fact is made.

Appeal from Knox Circuit Court.— *Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*G. R. Balthrope* and *F. H. McCullough* for appellant.

(1) The information in this case, was illegally filed by the prosecuting attorney, because at the time of the filing of same, July 26, 1909, there was then pending in the circuit court of Knox county, Missouri (the same court), and indictment against the defendant for the same offense charged in said information. State v. Gieseke, 209 Mo. 331; R. S. 1909, section 5055; State v. Harvey, 214 Mo. 403. (2) The information is illegal, because it is not based upon any evidence. State v. Grady, 84 Mo. 222; State v. Cole, 145 Mo. 672; State v. Faulkner, 155 Mo. 696. (3) Section 12, article 2, Constitution of Missouri, provides that no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information. The action of the court, in this case, is clearly contrary to this provision, for defendant is tried under an information while indictment for same offense is pending. (4) This action is clearly barred by the

Statute of Limitations of one year. R. S. 1909, section 4946.

*Claude M. Smith,* prosecuting attorney, for respondent.

(1)    The information in this case was legally filed by the prosecuting attorney on his information and belief, and the prosecuting attorney does not need to have personal knowledge or affidavit of a competent witness to base his information upon, and the statutes and decisions of our courts uphold and authorize information as in this case. R. S. of Mo. 1909, section 5057; State v. Hendrix, 87 Mo. App. 17; State v. Webb, 47 Mo. App. 599; State v. Hocker, 68 Mo. App. 415; State v. Feagan, 70 Mo. App. 406. (2) Appellant contends that having been proceeded against by indictment before the present information was filed, the information should have been quashed and he should not have to answer to the information. This point is not good. State v. Gamma, 149 Mo. App. 694.

NORTONI, J.—Defendant was convicted of selling intoxicating liquor in violation of the Local Option Law, and prosecutes an appeal from that judgment.

The record is replete with testimony tending to prove that defendant sold whiskey in Knox county to several different persons at the time charged in the information, and no question is made with respect to the sufficiency of the proof on that score. It appears defendant was indicted by the grand jury on the charge of having sold one-half pint of whiskey for the price and sum of twenty-five cents on the 5th day of November, 1908, in Knox county, and that thereafter, on July 26, 1909, while this indictment was still pending, the prosecuting attorney filed the information against him on which the present judgment of conviction was had. By this information, defendant is charged with having sold in Knox county, on *or about* the 5th day of

November, 1908, one-half pint of whiskey for twenty-five cents, one-half pint of alcohol for twenty-five cents, one-half pint of brandy for twenty-five cents, one-half pint of wine for twenty-five cents, one-half pint of gin for twenty-five cents, one-half pint of beer for twenty-five cents, one-half pint of intoxicating liquor for the price and sum of twenty-five cents. During the December term and on the 6th day of December, 1909, the prosecuting attorney dismissed the indictment above mentioned, and on the same day defendant filed his motion to quash the information, for the reason an indictment was pending against him for the same offense at the time the information was filed. On this motion, which was disposed of two days thereafter, December 8th, the indictment was introduced in evidence and, besides considering it, together with the information, the court heard the testimony of the prosecuting attorney.

It does not appear from the information and indictment that the two charge the same and identical offense against defendant, for in neither is it charged to whom the sale of liquor was made. Furthermore, the information charges "on or about November 5th, 1908," etc. The evidence of the prosecuting attorney touching the question of identity of the offense is not such as to conclude it as one of law, and the trial court was justified in disposing of the matter as it did. The action of the court in overruling the motion to quash on the record before us essentially involved a finding of fact by it to the effect that the offense charged against defendant in the subsequent information is not identical with the one charged in the indictment which was pending at the time the information was filed. Because of this, the judgment overruling the motion to quash the information will be approved for the reasons given in State v. Henan, 163 Mo. App. 368, 143 S. W. 877.

It is argued, too, on behalf of defendant, that the court should have directed his discharge for the reason the offense alleged in the information was barred by the Statute of Limitations. The limitation prescribed as to offenses of this character is one year. R. S. 1909, section 4946, provides that no person shall be prosecuted for any offense, other than felony, unless the prosecution be instituted within one year after the commission of the offense. The information charges defendant sold the intoxicating liquors on or about November 5, 1908, and the proof sustains the charge as laid, though it does not appear the sale was on that precise day. The information on which the trial and conviction were had was filed in the circuit court July 26, 1909, and it is obvious that, so far as the information itself is concerned, the prosecution thereunder was instituted within one year of the commission of the offense, and the bar of the statute had not intervened. But the argument concerning the Statute of Limitations proceeds from the hypothesis that both the information on which defendant was tried and the indictment which was dismissed two days before the trial commenced charged one and the same offense. On this hypothesis it is said, though the information was filed within one year after the offense was committed, it was wholly ineffectual to interrupt the running of the statute against the charge laid by it until the indictment for the same offense was finally determined or dismissed; that, as the indictment was not dismissed until December 6, 1909, the information should be treated as not having been filed before that date. The proposition is predicated upon Revised Statutes 1909, section 5055, which provides that the mode of procedure first instituted, by the filing of an indictment or information for any offense, shall be pursued to the exclusion of the other, so long as the same shall be pending and undetermined. If the argument be a sound one in law and the information is

to become effective only from the date of the dismissal of the prior indictment because of the terms of the statute referred to, it would depend, of course, upon the fact that both the indictment and the information charged the identical offense. It is true enough that an offense of selling intoxicating liquor on November 5, 1908, would be barred under the Statute of Limitations on December 6, 1909, if, according to the appellant's argument, the information first became effective as such on that date. But be this as it may, it appears the court found and determined, as a fact, from competent evidence, on hearing the motion to quash, that none of the offenses charged in the information was identical with that charged in the prior indictment. This being true, it is entirely clear that the pending indictment in no respect deferred the force or effect of the information, which operated to suspend the running of the Statute of Limitations on the day it was filed, July 26, 1909.

It is argued the proof is insufficient to sustain the finding that the statutory notice was given after the local option election, to the effect that the proposition had carried and the law was in force thereafter. Both the notice of the election and the notice thereafter were ordered by the county court to be published for a sufficient length of time, as prescribed by the statute, in the Edina Democrat and the Edina Sentinel, weekly newspapers published at Edina in Knox county. The editors and publishers of these papers testified at the trial that the notice of the result of the election and putting the law in force in the county was published in their papers for a sufficient length of time under the statute and that such newspapers were generally circulated in Knox county. Besides copies of the papers themselves containing the notices were before the court, and the notices together with the several publications were introduced in evidence. The notices so published are copied in the record here, and it

appears from the testimony of the two publishers that the statute was fully complied with in point of the time of publication. It is true that no formal proof of publication in the form of an affidavit of the publisher appears to have been filed with the county court and shown in its records, but this is wholly unimpor tant, for the law is concerned only with the fact of publication and not with the manner in which the proof of this fact is made. [State v. Dugan, 110 Mo. 138, 19 S. W. 195.] We regard the proof of publication so made as sufficient. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.