# STATE OF MISSOURI, Respondent, v. MARGARET STANLEY, Appellant.*

St. Louis Court of Appeals. Opinion filed May 5, 1925.

1. **INDICTMENT AND INFORMATION: Intoxicating Liquors: Unlawful Possession: Statute: Sufficiency of Information.** Under section 6588, Revised Statutes 1919, as amended by the Laws of 1921, p. 414, an information following the language of the statute and charging that defendant did unlawfully possess intoxicating liquor, was sufficient without specifying the particular kind of liquor.

2. ———: ———: ———: ———: **Exceptions: When Not Necessary to Negative.** In view of section 6596, Revised Statutes 1919, an information charging unlawful possession of intoxicating liquor, *held* not bad, because it failed to negative the exception contained in section 6588 as amended by the Laws of 1921, p. 414, as to possession in the private residence of the owner when lawfully acquired and used, as the exception or proviso appears in a distinct and independent clause of the statute and constitutes no part of the statutory description of the crime charged; hence it was not necessary to plead it in the information.

3. ———: ———: ———: **Prosecuting Attorneys: May Verify Information.** Under section 3849, Revised Statutes 1919, the prosecuting attorney may proceed by information, charging unlawful possession of intoxicating liqours, verified by his own oath upon information and belief.

4. **CRIMINAL LAW: Venue: Evidence: Sufficiency.** In a prosecution for unlawful possession of intoxicating liquor, the venue as laid in the information *held* as sufficiently proved.

5. ———: **Intoxicating Liquors: Moonshine Whisky: Evidence: Sufficient in View of Common Knowledge.** It is a matter of common knowledge that whisky is intoxicating liquor, and courts and juries will take knowledge of that fact, and hence proof that the liquor found in defendant's possession was moonshine whisky was sufficient proof that it was intoxicating.

6. ———: ———: **Trial by Court: Instructions: Failure to Give or File Instructions: Not Error.** In a prosecution for unlawful possession of intoxicating liquor, where the defendant and the prosecuting attorney, with the assent of the court, and under provisions of

section 4006, Revised Statutes 1919, submitted the case to the court, no instructions were necessary, and since no declarations of law were requested by the defendant, the failure of the trial court to give or file instructions was not error.

7. ——: ——: ——: Findings of Judge: Effect of Verdict. In a prosecution for unlawful possession of intoxicating liquor, the failure of the trial court, sitting as a jury, to render a written verdict was not error as, under section 4006, Revised Statutes 1919, the finding and judgment have the force and effect of the verdict of a jury.

8. ——: Prosecuting Attorneys: Opening Statement: Failure to Make: Assignment of Error Based Thereon not Tenable Where not Appearing Affirmatively by the Record and Not Called to Attention of Trial Court in Motion for New Trial. Where it did not affirmatively appear by the record that the prosecuting attorney failed to make an opening statement, nor that the defendant called the attention of the trial court to such question in his motion for new trial, an assignment of error thereon is not tenable.

9. APPELLATE PRACTICE: Failure of Counsel to Point Out Specific Rulings Complained of: Nothing Before Appellate Court to Review. Assignment of error in admitting testimony over defendant's objections presents nothing for review, when counsel nowhere point out the specific rulings they complain of.

*Headnotes 1. Indictments and Informations, 31 C. J., Section 260; Intoxicating Liquors, 33 C. J., Sections 438; 453; 2. Indictments and Informations, 31 C. J., Section 269; Intoxicating Liquors, 33 C. J., Section 447; 3. Indictments and Informations, 31 C. J., Sections 163, 164; 4. Criminal Law, 16 C. J., Section 1572; 5. Intoxicating Liquors, 33 C. J., Section 17; 6. Criminal Law, 16 C. J., Section 650; 7. Criminal Law, 16 C. J., Section 650 (Anno); 8. Criminal Law, 17 C. J, Section 3462 (Anno); 9. Criminal Law, 17 C. J., 3475.

Appeal from the Circuit Court of St. Louis County.— *Hon. G. A. Wurdeman*, Judge.

AFFIRMED.

*E. McD. Stevens* for appellant.

BRUERE, C.—This is an appeal from a conviction for the unlawful possession of intoxicating liquors.

The facts in the case are not controverted. It appears that the defendant was operating a soft drink bar-room in the county of St. Louis, and that the sheriff of said county, acting under a search warrant, found under the bar in said place of business a quantity of moonshine whisky and homebrew. The evidence further shows that the defendant was present and in control of the bar at the time said liquor was found.

Defendant's assignments of error are: First, insufficiency of the information; second, error on the part of the trial court in refusing to give defendant's proffered peremptory instruction at the close of all the evidence; third, error on the part of the trial court in failing to give or file instructions; fourth, failure of the trial court, sitting as a jury, to render a written verdict in the case; fifth, failure of the prosecuting attorney to make an opening statement; sixth, error on the part of the trial court in admitting testimony over defendant's objection.

In support of the first assignment of error, it is urged that the information fails to specify the kind of liquor possessed by the defendant. The indictment is bottomed on section 6588, Revised Statutes 1919, as amended by Session Acts of 1921, p. 414. Said section declares: "It shall be unlawful for any person, firm, association or corporation, his, its, or their agents or employees to manufacture, sell, *possess,* give way or transport *intoxicating liquors."* . . . It was not necessary, under said section, that the particular kind of liquor, possessed by the defendant, should be named or specified. The information follows the language of the statute, and charges that the defendant did unlawfully possess *intoxicating liquors,* and that is sufficient. [State v. Milton, 38 Mo. 369; State v. Rogers, 39 Mo. 432; State v. Roehm, 61 Mo. 82; State v. Brown, 83 Mo. 480; State v. Kurtz, 64 Mo. App. 123; State v. Blands, 101 Mo. App. 618, 74 S. W. 3; State v. Smith, et al., 261 S. W. 696, 697.]

Neither is there any merit in the contention that the information is bad because it fails to negative the exception, contained in said section 6588, "that nothing in this act contained shall be so construed as to prevent, or prohibit, the possession of intoxicating liquors in the private residence of the owner thereof, when such intoxicating liquor has been lawfully acquired and being lawfully used." This exception or proviso appears in a distinct and independent clause of the statute and constitutes no part of the statutory description of the crime charged, therefore, it was not necessary to plead it in the information. [State v. Gatlin, 267 S. W. 797; State v. Campbell, 266 S. W. 764; State v. De Groat, 259 Mo. 364, l. c. 375, 168 S. W. 702; State v. Humfeld, 182 Mo. App. 639, l. c. 642, 643, 166 S. W. 331; R. S. 1919, sec. 6596.]

The last ground for attack on the information is that it charges the commission of a misdemeanor upon information and belief of the assistant prosecuting attorney, and not upon the affidavit of some person who had knowledge of the commission of the crime.

This contention is without merit. The information is in accord with the express terms of section 3849, Revised Statute 1919, which gives the prosecuting attorney the right to proceed by information verified by his own oath upon information on belief. [State v. Gregory, 178 Mo. 48, 76 S. W. 970; State v. Hunt, 106 Mo. App. 326; State v. Feagan, 70 Mo. App. 406.]

In support of the second assignment of error it is contended: First, that the State failed to prove the venue as laid in the information; and second, that there was no evidence adduced that the particular liquor involved was intoxicating. The record does not support the defendant in said contentions. In the transcript of the files, pleadings and proceedings in this cause, made by the clerk of the circuit court of St. Louis County, Missouri, and filed herein, we find on page 8, the following:

"Q. Just describe where the place was so that the court will understand. A. A two story frame building located on the north side of the street.

"Q. What street? A. Easton avenue.

"Q. What county? A. St. Louis County.

"Q. And what State? A. Missouri."

As to the contention made that the *corpus delicti* was not established, the evidence was uncontroverted that the liquor found in defendant's possession was moonshine whisky. It is a matter of common knowledge that whisky is an intoxicating liquor and courts and juries will take knowledge of that fact. No evidence is required to support a fact so well known. [State v. Kiely, 255 S. W. 343.] There is no merit in this assignment of error.

Touching the third assignment of error, the defendant and prosecuting attorney with the assent of the court, and under the provisions of section 4006, Revised Statutes 1919, submitted this case to the court, therefore, no instructions were necessary; and since no declarations of law were requested by the defendant the assignment is without merit.

As to the fourth assignment of error, the finding of the court, contained in the judgment herein, has, under the provisions of said section 4006, the force and effect of the verdict of a jury.

Regarding the fifth assignment of error, it will suffice to say that it does not affirmatively appear by the record that the prosecuting attorney failed to make an opening statement, nor does it appear that the defendant called the attention of the trial court to this question in his motion for a new trial. The assignment is, therefore, not tenable.

As to the last assignment of error, counsel nowhere point out the specific rulings they complain of. Under such circumstances it will suffice to say that there is nothing before us to review in connection with this assignment of error.

Finding no error in the record the judgment of the trial court should be affirmed; and the commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the county of St. Louis, is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.