**STATE of Missouri, Plaintiff-Respondent,**

v.

**Earl WILLIAMS, Defendant-Appellant.**

No. 30585.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 17, 1961.

James A. Bell, St. Louis, for appellant.

William J. Geekie, Pros. Atty., Daniel T. Tillman, Asst. Pros. Atty., St. Louis, for respondent.

BRADY, Commissioner.

Upon trial before the St. Louis Court of Criminal Correction on a charge of failure to support his children, Jennifer and Lucretia, the appellant was found guilty and sentenced to six months in the City Workhouse.

The evidence adduced by the State given by Phoebe Blunk, a "patrolman", was that she made the arrest of the appellant; that upon questioning him, appellant stated that from the end of January he was employed at a barber shop and made $75 a week "clear" plus about $4 a week in tips; that in October of 1959, the month of his arrest, he operated his own barber shop, for which he still owed $350 on the purchase of equipment, and from which he cleared about $60 a week. The witness further testified that appellant stated "* * * he paid $52.00 to her." This testimony was subjected to a motion to strike offered by appellant on the ground that there was no showing of paternity which appellant contended is a "condition precedent to prosecution for non support." The motion was denied.

The mother of the children testified that she began going with appellant in April of 1953, and went with him for five years; that she first "went to bed" with appellant in October of that year; that during November and December of that year had "relationship" with the appellant at least twice a week; that she became pregnant and Jennifer Lee was born on November 22, 1954; that appellant is the father of three of her four children, two of whom he is charged with non-supporting; that during this five years she was not "* * having relationship with any one" else; that she had the children and was receiving Aid to Dependent Children; that the appellant's contribution for November, 1959, was $15; for October of that year, $16; for September, $21; for August, $16; for July, about $21; for June, $8; for May, $8; for April, $16; for March, $16; for February and January, $8 per week; and for December he gave nothing. She further testified that she was married to Will Killingsworth, had never been divorced from him, had left her husband two weeks before she met the appellant, and had never had intercourse with her husband since that time; that her oldest child had been born before her marriage and was the child of a third man; that Lucretia was born on November 16, 1957; and that she never went with any other men during the five years she was with the appellant. It was stipulated that a Mr. O'Shea of the Prosecuting Attorney's office would testify that the appellant came to the office with the mother and denied paternity but agreed to contribute $8 per week for Jennifer and that this took place before Lucretia's birth. The State rested its case, and counsel for appellant orally moved to dismiss on the grounds that the State had failed to prove paternity of the children. The motion was overruled.

Appellant took the stand and denied that he was the father of any of the children.

On cross-examination he testified that he had "sex relationship" with the mother " * * * maybe three times * * *"; that on the occasion of the visit to the Prosecuting Attorney's office he had stated that he would give money to the mother and that he didn't know if Jennifer was his child or not; that on a later visit to that office he stated he would continue to give $8 for Jennifer but denied parentage of any other children or even of Jennifer and had agreed to give this money because the Prosecuting Attorney told him to do so and to help the mother. On redirect, appellant testified that the mother had gone out with other men during 1959.

■ The appellant has perfected his appeal to this court and we have jurisdiction of it under the provisions of Section 479.-250 RSMo 1959, V.A.M.S., which provides for appeals from the St. Louis Court of Criminal Correction to be prosecuted directly to us. The statute involved is Section 559.350 RSMo 1949, now Section 559.350 RSMo 1959, as amended, Laws of Missouri, 1953, page 424, § 1, V.A.M.S.

■■ The extent of our review is well settled. This case was tried before the court, but the finding of guilty by the court has the force and effect of the verdict of a jury. Rule 26.01, Missouri Rules of Criminal Procedure, V.A.M.R., Article I, § 22(a), Constitution of Missouri, 1945, V.A. M.S.; Section 546.050 RSMo 1949, now Section 546.050 RSMo 1959, V.A.M.S.; State v. Stanley, 217 Mo.App. 26, 273 S.W. 139; City of St. Louis v. Meixner, Mo. App., 285 S.W.2d 50. On appeal, we review such cases in the same manner as when the verdict is returned by a jury, and if there is substantial testimony which tends to support the verdict, it must be allowed to stand. State v. Sargent, 241 Mo.App. 1085, 256 S.W.2d 265. There were no briefs filed in this case, and we therefore review the record as well as assignment of error contained in the motion for new trial. State v. Shapiro, Mo.App., 248 S.W.2d 62.

■ The information charged an offense under the statute. The record does not show that appellant waived a jury trial, but he was present, represented by counsel, and we therefore must presume his consent to a trial before the court. Rule 26.01, Missouri Rules of Criminal Procedure, V. A.M.R.; State v. Finley, 162 Mo.App. 134, 144 S.W. 120; § 546.050, supra; Constitution of Missouri, 1945, Article 1, § 22, subsection (a); State v. Shapiro, supra. The record discloses appellant was present when sentenced, but fails to disclose allocution. However, that does not invalidate the sentence, Section 546.580 RSMo 1949, now Section 546.580 RSMo 1959, V.A.M.S.; State v. Clemmons, Mo.App., 283 S.W.2d 919; Rules 27.08, 27.09 and 27.10, Missouri Rules of Criminal Procedure, V.A.M.R. See also State v. Garrett, Mo., 282 S.W.2d 441. The sentence was within the limitations of the statute. We find nothing requiring reversal in the record proper.

The appellant's motion for new trial is based upon three contentions: first, that the St. Louis Court of Criminal Correction has no jurisdiction to determine paternity; second, that a determination of paternity is a " * * * condition precedent to prosecution for non-support * * *"; third, that there is insufficient evidence to sustain a conviction. In connection with the last stated contention, appellant urges that there is no evidence to support any showing that he " * * * at any time had the aforementioned child or children in his care and custody."

■ The history of § 559.350, supra, is fully explained in State v. Earnest, Mo. App., 162 S.W.2d 338, and in State v. White, Mo.App., 243 S.W.2d 818, transferred 363 Mo. 83, 248 S.W.2d 841. Reference should also be made to State v. Williams, Mo.App., 224 S.W.2d 844, reversed by the White case, supra, but a case that on the factual situation is extremely similar to that at bar. To sustain a conviction for non-support brought under this statute, the State is required to establish every element

of the offense. State v. Akers, Mo.App., 287 S.W.2d 370. The State bore the burden in this case.

Insofar as the contention that paternity is an element is concerned, we agree with appellant that it is. Surely the legislature never intended § 559.350, supra, to require a man to support any one else's children. The very language of the statute confirms this when it states " * * * or if any man or woman shall, without good cause * * * refuse to provide * * * for his or her child or children * * *." In State v. White, supra, 243 S.W.2d 818 at local citation page 819, the court stated· " * * * and the issue upon which the case was tried was largely one of its paternity." However, this is of no aid to appellant in the maintenance of his contentions of reversible error. The trial court did try paternity and did make a determination of the paternity of Jennifer and Lucretia when it found the appellant " * * * guilty, as charged, in the Information * * *." The information charged that appellant " * * * unlawfully, wilfully and without good cause, did fail, neglect and refuse to provide adequate food, clothing, lodging, medical and surgical attention for *his* children under the age of sixteen years * * *." (Emphasis supplied.)

■ The trial court had jurisdiction to try appellant upon this charge, it being a misdemeanor. As a matter of fact, the trial court had " * * * exclusive original jurisdiction of all misdemeanors under the laws of the state committed in St. Louis city, the punishment whereof is by fine or by imprisonment in the county jail, or both, or by forfeiture. * * *" Section 479.100 RSMo 1949, now Section 479.100 RSMo 1959, V.A.M.S. Since it has jurisdiction to try the charge and the appellant, it certainly has jurisdiction to make a deter-

mination of one of the elements of the offense charged.

■ Insofar as the argument that the evidence fails to show that appellant had the care and custody of these children at any time is concerned, that contention would have had merit prior to the amendment of § 559.350, supra, in 1953, State v. White, Mo.App., 243 S.W.2d 818, affirmed 363 Mo. 83, 248 S.W.2d 841, but by the amendment of this section in 1953, Laws of Missouri, 1953, page 424, § 1, the legislature specifically provided " * * * and it shall be no defense to such charge that the father does not have the care and custody of the child or children * * *."

■ The only other contention raised by the motion for new trial with respect to the insufficiency of the evidence to sustain a verdict is that the evidence of paternity of the appellant does not substantiate that finding by the trial court. It would serve no useful purpose to again recite the evidence upon the point as set out in the earlier portion of this opinion. It is enough to say that although some of the facts as shown by the State were controverted by the appellant, the evidence upon the issue was substantial, the value of it, and the credibility of the witnesses, being for the trial court. State v. Earnest, Mo.App., 162 S.W.2d 338, at local citation page 342, [6]..

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is therefore affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.