STATE of Missouri, Plaintiff-Respondent,

v.

Jessie BROWN, Defendant-Appellant.

No. 33431.

St. Louis Court of Appeals,

Missouri.

Sept. 16, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 14, 1969.

Bell, Fullwood, Wilson & Harris, James A. Bell, Allen Harris, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Robert Hoffman, Asst. Pros. Atty., Sidney Faber, Associate Pros. Atty., St. Louis; Norman H. Anderson, Atty. Gen., Jefferson City, for plaintiff-respondent.

BRADY, Judge.

Appellant was convicted of violation of § 559.353, RSMo 1959, V.A.M.S., in that he failed to provide adequate support for six children under the age of sixteen years. He appeals.

It was stipulated that in the year immediately preceding the filing of the charge upon which appellant was tried and convicted he was employed and had earnings of $8,161.45. John Ella Terry testified she was the mother of the six children listed in the information and that appellant was the father of those children. She admitted she had never married appellant and throughout the time she was living with appellant she was married to one William Terry who was the father of her two oldest children. She lived with appellant for a period of five years during which

time he contributed approximately $200.00 for the support of the children.

Appellant denied he was the father of the children but admitted that he had lived with John Ella Terry for a period of five years during which time the children listed in the information were born. His testimony at one point was that four of the children listed in the information were born while later he stated that only two of them were born during this five year period. He also testified Mrs. Terry had not had any children since he stopped living with her.

When Mrs. Terry was asked whether she had any children by the appellant his counsel objected on several grounds but at no time did he voice the contention § 559.353, supra, was unconstitutional. Neither did he raise any such contention at the conclusion of her testimony when appellant's counsel moved to strike her testimony appellant was the father of the children here involved.

█ The first of appellant's three allegations of prejudicial error goes to our jurisdiction and accordingly must be ruled to determine whether we can proceed to the merits of this appeal or must transfer the case to the Supreme Court which has jurisdiction to construe the constitution when such a question is raised at the first available opportunity; the section of the constitution involved is specified or designated; the point is preserved in the motion for new trial, if any; and the constitutional question is adequately presented in the briefs. Constitution of Missouri, Article V, Section 3; City of Olivette v. Graeler, Mo.App., 329 S.W.2d 275, transferred to 338 S.W.2d 827; City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372.

In the instant appeal it is apparent the attempt to raise a constitutional issue was an after-thought. Appellant did object to Mrs. Terry's testimony naming him the father of the children he is charged with failing to support and did move to strike

such testimony but both actions totally failed to make any reference to the constitutional contention he now seeks to raise. Under such circumstances we hold he has failed to properly preserve the issue this statute is in violation of the Constitution of the United States and this State for the reason it fails to set up a separate judicial procedure to determine paternity prior to trial under the statute. It follows this court has jurisdiction and this appeal must rest upon appellant's other allegations of prejudicial error. The first of these is the contention the trial court lacks jurisdiction to hear this case unless and until there has been some judicial determination of paternity made separate and prior to trial upon a charge brought under § 559.353, supra. The second is that the evidence is insufficient to overcome the presumption of legitimacy.

█ Appellant's first allegation of prejudicial error presents essentially the same contentions with which this court dealt in State v. Williams, Mo.App., 349 S.W.2d 375. Recognizing this fact appellant's counsel urges us to seize upon this opportunity to overrule that decision. We can conceive of no valid ground for doing so. As we pointed out in State v. Williams, supra, the trial court had jurisdiction to try the appellant upon this charge. It is well established that to support a conviction under this statute the state is required to establish every element of the offense. State v. Akers, Mo.App., 287 S.W.2d 370. And it is likewise true that paternity is an element. State v. Williams, supra. Those facts, together with the unquestioned jurisdiction of the trial court over the person of the appellant and the offense charged, make it obvious the trial court had jurisdiction to make the determination of the constituent element paternity. Had the legislature desired to require a separate judicial determination of paternity to be made prior to trial upon a charge brought under this section it could have easily so provided. This is particularly true when we note that State v. Williams, supra, was

decided by this court in 1961 and this statute was last amended by the legislature in 1965. Laws of Missouri, 1965, p. 669. We rule this point adversely to appellant. See also State v. Osborne, Mo.App., 413 S.W.2d 571.

 With reference to appellant's contention the evidence is insufficient to overcome the presumption of legitimacy, the extent of our review is pertinent. In State v. Williams, supra, we reviewed the constitution, statutes, rules and case law furnishing the basis for our rule that when a case of this nature is tried before the court the finding of guilt has the force and effect of a verdict of the jury and that on appeal the verdict must stand if it is supported by substantial evidence. See also State v. Sargent, 241 Mo.App. 1085, 256 S.W.2d 265.

While the presumption of legitimacy has been stated to be one of the strongest presumptions in the law, it is nevertheless just that; merely a presumption which disappears when substantial contrary evidence comes in. Simpson v. Blackburn, Mo.App., 414 S.W.2d 795, quoting from Terminal Warehouses of St. Joseph, Inc. v. Reiners, Mo., 371 S.W.2d 311. When substantial evidence is introduced the presumption disappears and what is left is essentially a question of fact. That is to say the facts which gave rise to the presumption in the first place and the facts that rebut that presumption remain in the case and are for the trier of the facts to determine. Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136, 1. c. 139 [1–4]. In the instant appeal the mother of the children stated appellant was the father. Both he and she admitted they lived together and he gave testimony from which the jury was entitled to infer he had had sexual relations with the mother of these children during the time they lived together. The children were born during that time and there weren't any children born to the mother since appellant left her. We hold there was substan-

tial evidence to support the finding appellant was the father of these children and his conviction.

The judgment is affirmed.

WOLFE, P. J., and BRUCE NORMILE, Special Judge, concur.