**STATE of Missouri, Respondent,**

**v.**

**Rollie Lee LANDESS, Appellant.**

**No. 25982.**

Missouri Court of Appeals,
Kansas City District.

Sept. 7, 1972.

Emmett L. Bartram, Maryville, for appellant.

Alden S. Lance, Savannah, for respondent.

PRITCHARD, Judge.

Upon a change of venue from the magistrate court appellant was convicted of the commission of the crime of common assault. Sentence was set by the court at six months imprisonment in the county jail, which is the maximum punishment which may be imposed under Section 559.220, RSMo 1969, V.A.M.S., for the offense charged.

■ Fifteen points, with two subpoints, are set forth in appellant's brief. In fourteen of the points made, there are no rulings of the trial court which are claimed to be erroneous. Each and every point is an abstract statement of the law, and not one is related to any evidence in the case, or to anything that happened in the trial which could or might entitle appellant to a reversal of the judgment. Because this court is left completely to speculation as to what appellant contends was error committed against him by the trial court, the fourteen points made will be disregarded. No amplification or clarification of these fourteen points is made in the argument portion of the brief so as to be of any aid in understanding appellant's contentions.

Point 4 in the brief states: "Burden of Proof. A defendant is presumed to be innocent and it devolves upon the state throughout the trial to prove his guilt beyond a reasonable doubt. * * * Defendant is entitled to an acquittal where there is a reasonable doubt as to his guilt." As is apparent, this point standing alone is insufficient to present anything for review. There is however some amplification of the point in the argument portion of the brief which asserts weakness in the state's case, as to whether appellant hit the prosecuting witness, Rice, and whether under the facts, there was a physical impossibility that Rice could have been struck by appellant. The evidence will be reviewed as to the sufficiency of the state's case to sustain the conviction.

On October 16, 1970, Phillip D. Rice was a regional supervisor for the Department of Conservation. In civilian clothes he was travelling alone on Highway 169 in Andrew County, Missouri, southbound toward St. Joseph. He noticed a car in front of him which had its left turn flasher red lights on in the rear. He then saw two men on the ground "pummelling around" and two other men were moving in the area of the headlights of the car, it being after dark. Rice pulled up and stopped, started to get out and one of the men came running towards Rice's car. Rice asked him what they were doing, and the man said "This is a family affair. This is none of your damned business." Rice told him he would get some help and would see what was going on. He pulled back into the lane of Highway 169 and radioed for help, drove down the road about 100 yards, turned around, and came back to the site of where the incident was going on. Apparently the fight was by then over. When Rice stopped opposite the site and headed in the opposite direction, Gary Moutray came over to his car and tried the door handles, which were locked. Rice was still conversing on his radio. Appellant and Roger O'Banion then came over to Rice's car. Rice rolled his window down farther, about two-thirds of the way down, and a hand came in the window and grasped him by the throat, and he was pushed against the car window and the back of the seat. O'Banion said, " 'Quit; you are going to kill him.' " Rice was then being beaten by appellant. Rice was so nearly unconscious from the time he was grasped by the throat that he did not know what he was beaten with, but he regained consciousness when he was released from the grasp on his throat. The person [appellant] who was doing the beating said, " 'I think he has a gun in here. If I can find it I will kill him.' " The next thing Rice remembered was that it was very quiet and there was no one in sight. He got a flashlight and found his microphone which had been torn out, in front of the car. The keys to his car were gone. A truck pulled up and stopped, and Rice, who was bleeding from the left side of his face, talked to him. A trooper and Rice's wife came, and he was taken to Missouri

Methodist Hospital where he remained eleven days. As a result of the encounter Rice had a broken bone in the eye socket, a broken nose, and a broken bone in his head in front and above his ear.

On cross-examination it was elicited from Rice that when he was pulled out of the car, O'Banion was holding his head, and the only other person standing there was appellant. "Q. You can't tell this Court right now that you saw Mr. Landess hit you and can't tell whether it was Mr. Landess or Mr. O'Banion that hit you? A. I know Rollie Landess was the only one standing there when I was grabbed by the throat. Q. But you never saw him hit you, did you? A. There was no other person there. * * * Q. Then I take it you never saw Rollie Landess hit you, did you? A. That's your conclusion. Q. Isn't that what you stated when you said you had your head back here? A. Sure. I can't see anybody. Q. Then you didn't see Rollie Landess hit you, did you? A. Why, I can't follow your question, because I have told you I was pulled up like that (indicating). Rollie Landess was standing right here (indicating). He is the only man close enough to hit me. There is no other person in that vicinity that could hit me. Q. Who was holding your head up there? A. O'Banion. Q. Then there was two there instead of one, wasn't there? A. O'Banion was behind me. Q. But O'Banion and Landess were both there, weren't they? A. Right. Q. Then again I ask you, you are not telling us that you ever saw Rollie Landess hit you? A. I know O'Banion didn't. Q. But you are not saying Rollie Landess did? A. I know he is the only other person that was there."

Appellant's brother, John Landess, testified that he saw appellant standing by Rice's car, that appellant staggered back and started to fall backwards, and that he was bleeding. He did not see appellant hit Rice. Appellant's wife, Sharon, testified similarly. Roger Dale O'Banion testified that it was Rice who hit appellant on the head with a gun butt as he was bent over between the two doors of Rice's car, and Roger saw a gun in Rice's hand. Roger tried to take the gun away, and then went blank, not remembering anything after that. He also did not see appellant hit Rice. Appellant's version of the facts was that Rice hit him with something, he staggered back, Roger grabbed Rice by the throat, and Roger and Rice were then fighting in the car. Appellant denied touching Rice in any way and that he hit him.

■ Although Rice's testimony on direct examination that O'Banion was holding him and appellant was hitting him was shaken by the cross-examination, in that it is probably true that Rice did not actually see appellant striking him, it is by no means destructive of the state's case. The evidence which came out on cross-examination rather clearly permits the inference to be legitimately drawn by the trial court that with O'Banion holding Rice, appellant was the only other person close enough to have committed the act. "The trial court's judgment may not be based upon mere speculation and conjecture, but this does not mean that the essential issue or fact found must be based upon affirmative testimony, it may be found by reasoning upon the evidence and inferring from a fact or from evidence that a certain fact existed or was true." State v. Rodgers et al., 364 Mo. 247, 253, 260 S.W.2d 736, 740 [7–10]. The evidence was substantial that appellant did assault, beat and wound Rice, and in that posture of the case, tried to the court under Rule 26.01(b), V.A.M.R., judgment will not be reversed. State v. Clark, Mo., 438 S.W.2d 277, 279 [5, 6]. The credibility of the witnesses testifying in the case, including appellant, and any conflicts in the testimony were for the trial court to resolve. State v. Williams, Mo.App., 349 S.W.2d 375, 378 [9, 10].

The judgment is affirmed.

All concur.

DIXON, J., did not participate.