STATE of Missouri, Respondent,

v.

George Everette WHITE, Appellant.

No. 36863.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 3, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

James C. Jones, G. Jeffrey Lockett, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Michael Sullivan, Asst. Circuit Atty., St. Louis, for respondent.

STEWART, Judge.

In a jury-waived case defendant was found guilty of operating a motor vehicle without the consent of the owner. § 560.-175(1) RSMo.1969. He was sentenced under the Second Offender Act to four years imprisonment. We affirm.

Defendant challenges the sufficiency of the evidence to support the judgment because the State did not prove that defendant was driving the stolen car and because the State failed to prove the element of intent to operate a motor vehicle without the owner's consent.

In a court-tried criminal case the findings of the court have the force and effect of a jury verdict, and in like manner if there is substantial evidence to support the finding we will affirm. Rule 26.01(b); *State v. Daniels*, 487 S.W.2d 465, 469 (Mo. 1972). In making the determination we view the evidence in the light most favorable to the State. *State v. Gardner*, 518 S.W.2d 670 (Mo.App.1975).

On December 27, 1973, at about 2:00 p. m., Mr. Dale Henry parked his car in a lot at 4900 Washington Blvd. in the City of St. Louis. When he returned to the lot at 5:00 p. m. the car was gone. He did not give defendant or any other person permission to operate the car.

At 11:00 p. m. that same evening Officer Hawkins and his partner were operating a patrol car westwardly on Washington Blvd. They came to a stop at the intersection of Washington with Euclid Ave. As they stopped Officer Hawkins saw an automobile going south on Euclid as it came to Washington Blvd. It made a right turn onto Washington Blvd. without stopping for the stop sign. Hawkins saw only one person in

the car.[1] The police stopped the automobile. When Officer Hawkins got out of his car and approached the left side of the vehicle, defendant was seated behind the wheel. The area was well lighted. The car was in view at all times. The officer did not see anyone leave the car from the time he first saw it until he approached defendant who was seated behind the steering wheel. The car driven by defendant was the car Mr. Henry had parked earlier that day.

Defendant took the stand in his own behalf. He testified that a person whom he knew only as Rob was driving the car. When the car was pulled over Rob got out of the car and ran. Defendant then got out of the car and was outside when the police came up to him. He did not drive the car and he was never behind the wheel.

The question of credibility of the witnesses was for the trier of the facts. *State v. Landess*, 485 S.W.2d 140[5] (Mo.App.1972). It is obvious that the court did not believe defendant.

■ There was sufficient evidence to warrant a finding that defendant was driving. The trial court could certainly infer from the fact that he was driving a car of a person who did not give him permission, that he intended to drive the car without the owner's permission. See *State v. Crawley*, 478 S.W.2d 344, 345[1–2] (Mo.1972).

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.

---

1. "Q. Can you say certainly there was no more than one person in the automobile?

A. I say positively there was only one person in the car."