GAGE BROS., Appellants, v. ROGERS SISTERS, Respondents.

Kansas City Court of Appeals, January 16, 1893.

Practice, Appellate: COSTS FOR PRINTING ABSTRACTS. Appellant filed in the appellate court a complete transcript of the record and also filed an abstract of such record. His appeal being sustained he filed a motion to tax costs of printing his abstract against the respondent. *Held,* respondent is not liable for such costs as he is taxable with the costs of the transcript.

*On Motion to Tax Costs.*

MOTION OVERRULED.

*Parkinson & Graves*, for appellants.

*Francisco Bros. & Rose*, for respondents.

ELLISON, J.—There was filed in this court, in this cause, by appellants, a perfect transcript of the record and proceedings in the trial court under section 2253, Revised Statutes, 1889. Appellants also filed an abstract of such record. Since we have sustained appellants' appeal and reversed and remanded the cause, they come by this motion seeking to have us tax in their favor against respondent $118, as the cost of printing such abstract. We have concluded that the section of the statute referred to does not justify their motion. Our construction of the statute being that the cost of printing abstracts is only to be allowed in cases where, in lieu of a perfect transcript, a certified copy of the record entry of the judgment, order or decree appealed from is substituted. Section 2253 does not provide for printing an abstract where a full transcript is filed by the appellant. The respondent, if he loses in the appellate court, is compelled to pay for the full transcript and he ought not also to be compelled to pay for an abstract unless such be the plain statute. This section in authorizing an abstract has in view the skeleton transcript, for it provides that if "the opposite party shall not concur in such abstract of the record, he shall specify his objections thereto in writing, and file the same with the clerk and serve the adverse party with a copy thereof, and, thereupon, the clerk of the appellate court shall forthwith issue and send an official order commanding the clerk of the trial court to send such appellate court a certified transcript of that part of the record so in dispute," so that the court may determine between them. It is thus apparent that the abstract of the record provided for in this section is based upon

the idea that there is only a skeleton transcript in the appellate court, and does not contemplate an abstract when there is a full and complete transcript on file.

It does not follow from this that an abstract of the record must not be printed in cases where the appellant files a full and complete transcript. He must still print an abstract, but he can have no costs allowed therefor, since the statute, properly construed, does not provide for it, and by filing the full transcript (if successful) he gets costs for that. Such abstract is required now, as it was before the enactment of section 2253, under rule 15 of this court, which rule is authorized by section 2312, Revised Statutes, 1889. The motion for costs of printing will, therefore, be overruled. All concur.