STATE EX REL. A. W. SHEPHERD ET AL., RESPONDENTS, V. PUBLIC SERVICE COMMISSION ET AL., APPELLANTS.—145 S. W. (2d) 169.

Kansas City Court of Appeals. December 2, 1940.

*D. D. McDonald, H. P. Lauf, June R. Rose, Terence M. O'Brien, James P. Aylward* and *L. M. Crouch* for respondents.

*James Linton* and *Daniel C. Rogers* for Public Service Commission.

*M. G. Roberts, R. W. Hedrick, N. S. Sherman, W. W. Dalton, M. J. Henderson, Thos. E. Deacy* and *W. M. Raines* for Frisco Transportation Co.

CAMPBELL, C.—The judgment appealed from in this cause was reversed in the opinion handed down on July 1, 1940. In due time thereafter the appellants filed motion to tax cost in their favor for

printing abstract of the record. The appellants in perfecting their appeal lodged in this court a full transcript of the record and testimony and exhibits, as certified to by the commission and filed in the circuit court, together with a transcript of the proceedings in the circuit court, and thereafter furnished the required number of printed abstracts of the record.

The respondents oppose the motion to tax cost upon the theory that the appellants, having perfected their appeal by filing a full transcript, are not entitled to cost of printing. Reliance for that contention is based on an opinion of this court in the case of Gage Bros. v. Rogers Sisters, 52 Mo. App. 331. In that case the appellants perfected their appeal by filing a full transcript of the record and proceedings in the trial court. They also filed printed abstract of the record. The appeal was sustained, the judgment was reversed and the cause remanded. Thereafter, the appellants filed motion to have taxed in their favor the cost of printing abstract of the record. The court held that under the provisions of section 2353, Revised Statutes 1889, now (with amendment not now of consequence), section 1028, Revised Statutes 1929, the appellants were not entitled to have cost of printing abstract for the reason they furnished a full and complete transcript of the record and proceedings in the trial court.

Section 5237, page 433, Laws of Missouri, 1937, provides for an appeal by the entities named therein from a judgment in any action in review of any order of the Public Service Commission, and that "such appeal shall be prosecuted as appeals from judgments of the circuit court in civil cases except as otherwise provided in this article. The original transcript of the record and testimony and exhibits, certified to by the commission and filed in the circuit court in any action to review an order of decision of the commission, *together with a transcript of the proceedings in the circuit court,* shall constitute the record on appeal to the Supreme Court or any court of appeals. When an appeal is taken to the Supreme Court or any court of appeals, the cause shall, *on the return of the papers* to the Supreme Court or any court of appeals, be immediately placed on the docket. . . .

"The general law relating to appeals to the Supreme Court and the various courts of appeals in this State shall, *so far as applicable* and not in conflict with the provisions of this chapter, apply to appeals taken under the provisions of this chapter." (Italics ours)

It is plain the statute required the appellants in making up the record to obtain "a transcript of the proceedings in the circuit court." Section 1028, *supra,* contains no such requirement.

In the Gage Brothers case the court said: "The respondent, if he loses in the appellate court, is compelled to pay for the full transcript and he ought not also to be compelled to pay for an abstract unless such be the plain statute."

The appellants were required to have prepared a transcript of the proceedings in the trial court. The cost of that transcript accrued in the circuit court and the filing of such transcript in this court did not make any additional cost. Thus assuming without deciding that the appeal could have been perfected by the filing of a certified copy of the judgment appealed from, as provided in section 1028, the filing of a full transcript here did not make any cost which the appellants were not mandatorily required to make by the provisions of section 5237. Therefore, there is no basis for denying appellants proper cost of printing abstracts, for the reason they made no cost which they were not compelled to make. We do not deem it necessary to construe that part of the statute which provides that ''on the return of the papers to'' the appellate court the cause shall be docketed for hearing.

The abstract contains the brief filed by respondent with the commission and the reply brief of the Frisco Transportation Company. These briefs cover approximately 60 pages of the printed record. The appellants are not entitled to have the cost of printing these briefs for the reason the briefs were no part of the record. [State ex rel. v. Globe Indemnity Co., 62 S. W. (2d) 1065.]

The motion should be and it is sustained in the amount of $449,65. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The motion should be and it is sustained in the amount of $449.65. All concur.