STATE EX REL. PARK NATIONAL BANK, a Corporation, v. GLOBE INDEMNITY COMPANY, a Corporation, and RAYMOND L. COMSTOCK, Appellants.—62 S. W. (2d) 1065.

Division One, August 9, 1933.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau, R. S. Righter* and *H. W. Fox* for appellants.

*John F. Cell* and *Donald N. Johnson* for respondent; *J. M. Johnson* of counsel.

### ON MOTION TO TAX COSTS.

HYDE, C.—Appellants have filed a motion denominated "Application for an order to modify the judgment by providing that the costs upon appeal shall be taxed against respondent and to tax the cost of the printing of the abstract of the record in the Kansas City Court of Appeals against respondent, relator Park National Bank." It amounts, however, to nothing more than a motion to tax the costs of printing the abstract of the record, since all other costs here were taxed in favor of appellants when judgment of this court was entered. Respondent has filed suggestions in opposition, saying: First, that the motion has not been timely made; and, second, that it was unnecessary to print in full all the oral and documentary testimony and colloquies by the court and counsel because only questions of law were presented and that, therefore, Rule 15 of the Kansas City Court of Appeals (from which court this case was transferred here) was violated.

The first objection must be overruled. The opinion reversing

462

and remanding this case with directions was filed on April 20, 1933, 332 Mo. 1089, 61 S. W. (2d) 733, during the October, 1932, term of this court. Thereafter, within ten days, also during the October, 1932, term, the respondent filed a motion for rehearing. This motion was overruled, after our May Term, 1933, had commenced on June 12, 1933, and appellants' motion to tax costs was filed, during that term, two days thereafter. Section 1253, Revised Statutes 1929, provides that an appellant shall recover his costs "if the judgment be reversed," but the statutory authority for taxing the cost of printing abstracts is Section 1028, Revised Statutes 1929, which requires the filing of printed abstracts of the records and also provides: "If the abstract filed by the appellant or plaintiff in error be sufficient and correct, a reasonable charge therefor shall be taxed against the respondent or defendant in error, if he be the losing party." [See, also, Sec. 11784, R. S. 1929.] No rule of this court fixes the time for filing a motion to tax such costs, although Rule 17 provides that objections to charges for printing "may be filed within ten days after service of notice of the amount of such charge." However, in Berberet v. Berberet, 136 Mo. 671, 38 S. W. 551, this court held that allowance for printing "requires judicial action and can only be had during the term." It approved the decision in Wilson & Co. v. Stark, 47 Mo. App. 116, holding "that such allowance can only be made at the judgment term of the court and not afterwards." Both cases said that such an allowance was similar to an allowance of a garnishee's expenses and attorney's fees which it had been held in Ladd v. Couzins, 52 Mo. 454, "called for judicial action, and this the court could only exercise before the adjournment of the term at which final judgment was rendered;" and, therefore, was different from retaxing costs under a judgment made at a prior term which "was not a revision or alteration of the judgment, but was the act of the court correcting the mere ministerial act of the clerk, who had through misapprehension of the court's order, improperly taxed the ajudged costs." The Berberet case was followed in Winn v. Modern Woodmen, 146 Mo. App. 69, 123 S. W. 59; Winn v. Modern Woodmen, 146 Mo. App. 70, 123 S. W. 60. We find, however, in the Berberet case the facts were that at the October Term, 1895, the appeal "was heard and determined and a rehearing denied." The motion to tax costs was filed at the October Term, 1896, the April Term, 1896, having intervened. In the Court of Appeals' cases there was, likewise, no undetermined motion for a rehearing pending to take the case over to the term at which the motion to tax costs was filed, as in the present case. Therefore, none of these cases determine the question we have presented here.

This exact situation was before the Springfield Court of Appeals in Arndt v. Frye, 24 S. W. (2d) 696. The court cited State ex rel. New York Life Ins. Co. v. Philips, 96 Mo. 570, 10 S. W. 182, and

Childs v. K. C., St. J. & C. B. Ry. Co., 117 Mo. 414, 23 S. W. 373, holding that the effect of a motion for rehearing filed at one term is to continue the case to the next term so that "the opinion did not become the decision of the court upon which a judgment (finally) could be entered until that motion was disposed of." The court also pointed out that the majority of this Court en Banc refused to overrule these two cases in State ex rel. Logan v. Ellison, 267 Mo. 321, 184 S. W. 963. The court's view, that the effect of filing a motion for rehearing is to prevent the rendition of a judgment which is final but carries the cause over to the term at which the motion is decided, is sustained by a more recent opinion of this Court en Banc in Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43, where this court said: "This court could not properly transmit its mandate to the trial court until a final determination of the case in this court. It could not be done while a motion for rehearing was pending." It is also sustained by the decision of this court, likewise en Banc, in State ex rel. Berkshire v. Ellison, 287 Mo. 654, 230 S. W. 970, where this court held that, under the statute (Sec. 1069, R. S. 1929) providing that the clerk of this court "shall, within thirty days (after the opinion is filed), make a true copy thereof, and shall transmit the same" to the trial court, "we construe our filing of the opinion for the purpose of this statute to be the day upon which we overruled the motion for rehearing." We hold that the Court of Appeals correctly ruled the matter as follows:

"Had there been no motion for rehearing filed and this motion to tax costs had not been filed until after the expiration of the term at which the opinion was rendered, it is clear that this motion to tax costs would have been filed too late and could not be sustained.

. . . .

"The right to have costs of printing abstract allowed and ordered paid does not accrue to appellant until the motion for rehearing is overruled. If this motion should be sustained, then appellant's right to have the cost of printing abstract allowed has not accrued at that time, and he must wait the final disposition of the case before he can assert such a right, and the court is powerless to tax costs of that character until the case is finally determined."

As to the second ground, violation of Rule 15 of the Kansas City Court of Appeals, similar to Rule 13 of this court, respondent cites our ruling in Magill v. Boatmen's Bank, 288 Mo. 489, 232 S. W. 448, l. c. 451. It is true here, as there, that "there was no attempt to reduce the evidence to narrative form;" that "colloquies between court and counsel and other irrelevant portions of the record are reproduced" (particularly many pages about attempts to subpoena one witness); and that "no effort was made to lighten the labor of this court or reduce the expense of the appeal." Instead, all the evidence and remarks of court and counsel, in the bill of ex-

ceptions, was printed as taken down by the court reporter. The purpose of such a rule is to require the elimination of irrelevant parts of the evidence, and the presentation of that which is material in as concise and readily understandable form as possible, and thus conserve the time of the appellate court for consideration of the real issues. In this case the trial court made a special finding of facts, covering practically all material facts, most of which was conceded to be supported by substantial evidence. While appellants' assignments of error stated generally that all these findings were erroneous, they abandoned practically all such contentions by not referring to them in their points and authorities or argument and made no real contest about them but contended that the trial court was wrong in its application of the law to the facts it found. We think that the abstract could have easily been reduced by at least one hundred pages by proper preparation. We will, therefore, reduce the allowance for cost of printing by $65, the amount charged being sixty-five cents per page.

The sum of $149.85 is, accordingly, taxed as costs for printing the abstract.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.