STATE OF MISSOURI at the relation of UNION ELECTRIC LIGHT & POWER
COMPANY, Relator, v. NIKE G. SEVIER, Judge of the Circuit Court
of Miller County.—98 S. W. (2d) 980.

Division One, November 12, 1936.

*David H. Robertson* and *Stillwell & Fendorf* for relator.

*Baker & Baker* and *Cave & Hulen* for respondent.

HYDE, C.—This is an original proceeding in prohibition, in which a preliminary rule issued to prohibit respondent as judge of the Circuit Court of Miller County from proceeding in or taking cognizance of the case of R. S. Myers et al. v. Union Electric Light and Power Company. That case was before this court on appeal, from a prior judgment therein, and it was reversed and remanded in December, 1933. [Myers v. Union Electric Light and Power Co., 334 Mo. 622, 66 S. W. (2d) 565.] Respondent made return as required by the order of this court and relator filed a reply thereto. Respondent then filed a motion for judgment on the pleadings.

The material facts, hereinafter stated, appear from these pleadings. The Myers case was regularly set upon the docket of the regular January Term, 1935, of the Circuit Court of Miller County for Tuesday, January 22, 1935, which was the second day of that term. Plaintiffs' attorneys did not appear in the Circuit Court of Miller County on that day and respondent dismissed the case.

The following facts about this dismissal and subsequent proceedings are stated in respondent's return and are admitted to be true in relator's reply, to-wit:

"That said cause has been on the docket for several terms; that during said regular January, 1935, term, as aforesaid, and on Tuesday, January 22, 1935, one of the days of said term, this respondent called said cause and no one appeared on the part of the plaintiffs, and the respondent, without being requested so to do by the said defendant or its attorneys . . . did consider, order and adjudge that the plaintiffs take nothing by their suit; that said suit be dismissed for failure of plaintiff to prosecute and defendant go hence without day, and have and recover of said plaintiffs its costs and expenses laid out and expended, and that execution issue therefor, and that said final judgment of dismissal in the above terms was duly entered of record in said Circuit Court of Miller County on said date; . . . that on Friday, January 25, 1935, being one of the regular days of the regular January, 1935, term of said Miller County Circuit Court this respondent had ordered that said Miller County Circuit Court stand adjourned until February 18, 1935, at 9 o'clock A. M.; . . . that thereafter, . . . Mr. J. R. Baker (chief counsel) for and in behalf of the plaintiffs in said cause, to-wit, on February 12, 1935, filed their motion to set aside the order of dismissal and to reinstate said cause on the docket of said court;

that said court was not actually in session on February 12, 1935, and your respondent was not in Miller County on that date; . . . that . . . respondent did not return to Miller County on February 18, 1935, and did not hold court in said county on said date and did not hold any sessions of court in said county after January 25, 1935, until the regular May Term of said court; . . . that thereafter, and during the regular May Term, 1935, of said court, and on May 7, 1935, the defendant in said cause filed its motion, appearing specially for the purpose thereof and for no other purpose, to strike said cause from the docket, stating in said motion as grounds therefor that said cause had been dismissed for want of prosecution at the January, 1935, term of said court, and that said court no longer possessed jurisdiction in the cause of the person of the defendant Union Electric Light & Power Company.''

The pleadings contain statements as to when each of plaintiffs' attorneys in the Myers case obtained knowledge of the judgment of dismissal; why respondent entered this judgment; what respondent's intention was as to holding court again in Miller County during the January Term, 1935; and what action respondent intended to take concerning this judgment if he had done so. None of these matters are material here because the only question before us for consideration is: Did the court have any authority to set aside this judgment of dismissal at a subsequent term?

■ Relator's motion to strike the Myers case from the docket was overruled at the May Term, 1935, the judgment of dismissal was ordered set aside, the case was reinstated on the docket, and it was continued to the September Term, 1935. Thereafter, relator made application for prohibition. Plaintiffs' motion to set aside the judgment of dismissal was filed more than four days after that judgment was entered. [See Sec. 1005, R. S. 1929.] It was not acted upon at the January Term at which it was filed. The court took no other action at that term and in fact did not hold court again during that term after the day the motion was filed. If plaintiffs' motion did not carry the case over to the next term, the case was finally ended and the court had no authority, at the next term, to make any order affecting this judgment entered at the prior term. The term system may not be best for administration of justice under modern conditions but it is the system we have and under which courts of this state must operate until it is changed.

This court, en banc, in State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916, carefully considered this question, overruled all former cases holding that in such a situation a court had any such authority at a subsequent term, and stated its conclusions, as follows:

''Untimely motions (being only suggestion to the trial court) cannot and do not carry the case over to the next term. Upon the failure

of a party to file timely motions, the only thing left is the right of the court, at the judgment term, to set aside the judgment. If the court fails to set it aside at the judgment term, the judgment becomes a finality, and an appeal can be taken at that term and not later; this because such belated motions have no legal status, and have no legal effect upon the judgment. At the very most they are but mere suggestions to that court that the judgment should be set aside, within the judgment term, when the court has the judgment within its breast. A failure to act upon such suggestions does not keep the judgment from becoming a finality at the end of the term, and *it continues to be such for all time.* These belated motions are but mere scraps of paper, without legal status or legal effect. The rights of the court of its own motion, or upon the mere suggestion of a party, to set aside a judgment, expires with the close of the judgment term. . . . A belated motion is no motion at all. It has no legal status, and can only serve as a suggestion to the court to set aside the judgment at the judgment term, and not at a term at which the judgment has passed from the breast of the court, and has become a finality. The discretion of the trial court must be exercised at the judgment term.'' (Italics ours.)

This court has restated, approved, and followed this rule in the following subsequent cases, to-wit: Boegmann v. Bracey, 315 Mo. 437, 285 S. W. 992; Landau v. Consumers,' etc., Co. (Mo.), 36 S. W. (2d) 921; State ex rel. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44, 1. c. 55-58; State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S. W. (2d) 22, 1. c. 24-25; Taylor v. Cleveland, etc., Railroad Co., 333 Mo. 650, 63 S. W. (2d) 69, 1. c. 72; Kelso v. W. A. Ross Constr. Co., 337 Mo. 202, 85 S. W. (2d) 527, 1. c. 541. It would seem that these decisions certainly settle the matter. Even this court has no authority at a subsequent term to make orders, requiring judicial action, in a case decided at a prior term, unless there has been a timely motion filed which will carry the case over to that term. [State ex rel. Park National Bank v. Globe Indemnity Co., 333 Mo. 461, 62 S. W. (2d) 1065.] The cases cited by respondent, In re Zartman's Adoption, 334 Mo. 237, 65 S. W. (2d) 951; Beer v. Martel, 332 Mo. 53, 55 S. W. (2d) 482; Utz v. Dormann, 328 Mo. 258, 39 S. W. (2d) 1053, only rule that the court has power on its own motion to set aside a judgment during the term at which it is entered (In re Zartman case requires notice to be given then), but they all recognize that its power to do so ceases when the term ends.

■ Further contentions, on behalf of respondent and our views thereon, are, as follows:

First: That it was such an abuse of the court's discretion to dismiss the case in the absence of plaintiffs' attorneys and without notice to them as to be of no force and effect, when the court knew that

plaintiffs' chief counsel, Mr. Baker, was a member of and was attending the Fifty-eighth General Assembly of the State then in session. This contention cannot be sustained because the case was regularly set on the docket of the January Term, 1935, of the Circuit Court of Miller County, for January 22, 1935, and this required some action by plaintiffs' attorneys when the case was called on that day. They do not claim that they had any agreement for a continuance with defendant's attorneys or that they made any application or request therefor to the court. Section 938, Revised Statutes 1929, which makes an attorney's actual attendance at the General Assembly a cause for continuance upon application and affidavit in compliance therewith, was not invoked by plaintiffs' attorneys, and this section does not purport to automatically continue cases without such application and affidavit.

Second: That "when the relator appeared at the May, 1935, term and filed its motion to strike the case from the docket it subjected itself once more to the jurisdiction of the court if that jurisdiction had been lost." No authority is cited to show that appearing specially for the sole purpose of contesting the jurisdiction of the court of a case, ended by entry of a judgment which had become final, would give the court any further authority therein. All the authority we know of is the other way and we know of no reason why it should not be.

Third: That prohibition is a matter of discretion and not of right and that justice requires that plaintiffs be allowed to proceed in the case that was dismissed, because it was commenced within the period of the Statute of Limitations, while a new suit could not have been commenced within that time and would have been barred thereby. This overlooks the fact that a judgment of dismissal for failure to prosecute is held to be a nonsuit (Meddis v. Wilson, 175 Mo. 126, 74 S. W. 984; Wetmore v. Crouch, 188 Mo. 647, 87 S. W. 954); so that under Section 874, Revised Statutes 1929, plaintiffs were authorized to commence a new action within one year.

Our conclusion must be that when the January Term, 1935, ended without action, no motion having been filed in time to carry the case over to another term, the judgment of dismissal became final (see, also, Stith v. Newberry Company, 336 Mo. 467, 79 S. W. (2d) 447, l. c. 461), and no authority existed for the court to make any order affecting this judgment at the May Term, 1935, or thereafter to proceed further therein.

The preliminary rule of prohibition is made permanent. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.