STATE OF MISSOURI, Respondent, v. SAMUEL L. WHITE, Appellant, No. 43021—248 S. W. (2d) 841.

Division One, May 12, 1952.

*Morris A. Shenker* for appellant.

*J. E. Taylor,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for respondent.

84

*William J. Geekie,* Prosecuting Attorney, and *Jasper R. Vettori,* Associate Prosecuting Attorney, for respondent.

HYDE, J.—Defendant was found guilty in the St. Louis Court of Criminal Correction of failure to support his alleged child born out of wedlock; prosecution was under Section 559.350. (Statutory references are to RSMo 1949 and VAMS unless otherwise specified.) Defendant appealed to the St. Louis Court of Appeals which reversed his conviction and ordered him discharged. (State v. White, 243 S. W. (2d) 818.) The Court of Appeals, however, after opinion and during the pendency of the State's motion for rehearing or transfer, ordered transfer here (under Sec. 10, Art. V., Const.) because of the general interest and importance of the question involved.

The question is whether the putative father of a child born out of wedlock, who has never had the legal care and custody of the child, can be convicted of non support under Section 559.350. The facts are adequately stated in the opinion of the Court of Appeals. (243 S. W. (2d), l. c. 819.)

Defendant has filed here a motion to dismiss the transfer and for his discharge. He contends that the Court of Appeals does not have jurisdiction to transfer a criminal case after ordering defendant discharged and that this places him in double jeopardy in violation of Sec. 19, Art. I [842] of the Constitution. Defendant says this is so because making such a transfer is equivalent to allowing an appeal by the State which is not authorized by law, citing State v. Hughes, Mo. App., 223 S. W. (2d) 106; State v. Copeland, 65 Mo. 497; State v. B'Gos, 175 Ga. 627, 165 S. E. 566; U. S. v. Sanges, 144 U. S. 310, 12 S. Ct. 609, 36 L. Ed. 445. It is true that an unqualified reversal nullifies the prior proceedings completely and entitles the defendant to discharge from custody. (See 24 C. J. S. 1127, Sec. 1951.) However, this is not the result until there is a final judgment. (See State v. Gregory, 38 Mo. 501.) The fallacy of defendant's contention is that there is no such thing as an appeal from a court of appeals and that a transfer under Sec. 10, Art. V of the

Constitution is not an appeal. All statutes concerning appeals relate to the circuit courts or other trial courts. This case is governed by the Constitution and not by any statute.

The finality of the judgment of a court of appeals immediately upon the filing of an opinion, is prevented by Sec. 10, Art. V, which provides for transfer to the Supreme Court by order of the Court of Appeals or of the Supreme Court. Such an order must be made within a reasonable time and that time has been fixed by Supreme Court Rule 2.06 as authorized by the Constitution. Furthermore, it has long been established that an opinion of an appellate court does not become the decision of the court upon which a final judgment can be entered until the disposition of a pending motion for rehearing. (See State ex rel. Park National Bank v. Globe Indemnity Co., 333 Mo. 461, 62 S. W. (2d) 1065 and cases cited.) The provisions of Article V of the 1945 Constitution establish an integrated system of appellate courts so that transfer of a case from a court of appeals is on a basis similar to a transfer from a Division of the Supreme Court to the Court en Banc. (See Sec. 9, Art. V.) Therefore, the motion to dismiss is overruled.

However, we think the Court of Appeals reached the right result. The applicable part of Section 559.350 is as follows: "* * * if any man *or woman* shall, without good cause, abandon or desert or shall without good cause fail, neglect or refuse to provide adequate food, clothing, lodging, medical or surgical attention for his *or her* child or children born in *or out of* wedlock, under the age of sixteen years, *or if any other person having the legal care or custody of such minor child*, shall without good cause, fail, refuse or neglect to provide adequate food, clothing, lodging, medical or surgical attention for such child, * * * he *or she* shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by fine not exceeding one thousand dollars or by both such fine and imprisonment." The italicised words were not in the statute prior to 1921 when it was amended in these and other respects. (Laws 1921, p. 281.) Prior to that time, the statute (Sec. 3274, R. S. 1919) only made it an offense for "any man" to "abandon his child or children under the age of fifteen years born in or legitimatized by lawful wedlock." Several other sections were adopted in 1921 broadening the law concerning illegitimate children, which are discussed in State ex rel. Canfield v. Porterfield, 222 Mo. App. 553, 292 S. W. 85. It was there pointed out that at common law there was no legal duty upon the father of a child born out of wedlock to support it and that "the Legislature has not yet gone to the extent of requiring a father of an illegitimate child to support it." (See also Easley v. Gordon, 51 Mo. 637; Sponable v. Owens, 92 Mo. App. 174; Ware v. Muench, 232 Mo. App. 41, 89 S. W. (2d) 707.) It was further pointed out that procedure was authorized by other sections adopted in 1921 (Laws

1921, p. 202, now Sec's. 452.150 and 452.160) by which the father of a child born out of wedlock could obtain its legal custody and control. The Court, therefore, concluded in the Canfield case that Section 559.350 only applied to persons charged with the legal care and custody of the child and ''does not provide for the support of a child on the part of its father * * * who has not its legal care or custody.'' The St. Louis Court of Appeals came to the same conclusion in State v. Barcikowsky, 143 S. W. (2d) 341. [843] However, in State v. Williams, 224 S. W. (2d) 844, the St. Louis Court of Appeals reached a different conclusion, but that case is now overruled by the opinion in the present case now before us.

Strict construction of criminal statutes is a fundamental principle of our law. ''Criminal statutes are to be construed strictly; liberally in favor of the defendant, and strictly against the state, both as to the charge and the proof. No one is to be made subject to such statutes by implication.'' State v. Bartley, 304 Mo. 58, 263 S. W. 95,96; See also State v. Lloyd, 320 Mo. 236, 7 S. W. (2d) 344; State v. Taylor, 345 Mo. 325, 133 S. W. (2d) 336; State v. Dougherty, 358 Mo. 734, 216 S. W. (2d) 467; Tiffany v. National Bank of Missouri, 18 Wall. 409, 85 U. S. 409, 21 L. Ed. 862. A defendant should not be held to have committed a crime by any act which is not plainly made an offense by the statute. The question here is: Has the legal duty to support an illegitimate child been imposed upon its father? As pointed out in the Canfield case, there is no other statute which has changed the comon law rule and specifically imposed upon the father of an illegitimate child the legal duty to support it. Certainly, Section 559.350 does not specifically do so. Therefore, we do not think that Section 559.350, a criminal statute, can be reasonably construed as creating this legal duty especially in view of the words ''any other person having the legal care or custody of such minor child.'' As said in the Canfield case, ''The use of the words 'or any *other* person,' etc., in these sections, which statutes must be strictly construed, shows that the words apply to persons who are charged with the care and custody of the child whether it be a parent or other person so charged.'' Furthermore, we have no statutory bastardy proceedings as some states do, to determine paternity and establish liability for support. (However, see 10 C. J. S. 96, Sec. 20; For a thorough discussion of the situation throughout the country see Ploscowe—Sex and the Law, Chap. IV, Illegitimacy.)

''The rule is universally adopted that a mother is the natural guardian of her bastard child, and, as such, has a legal right to its custody, care, and control superior to the right of the father or any other person unless it is otherwise expressly provided by statute.'' ·(7 Am. Jur. 668, Sec. 61; See also 10 C. J. S. 80, Sec. 17.) ''The duty of the mother to support her bastard child seems to be inferred as an incident to her right to its custody.'' (10 C. J. S. 85, Sec. 18;

See also 7 Am. Jur. 673, Sec. 68 and Sec. 71.) Likewise, as shown by these authorities, the mother is entitled to the child's services and earnings and may recover their value from a third person who employs the child. Under Section 468.060 only the mother may inherit from her illegitimate children and they may inherit only from her. Section 559.350 must be construed in the light of this historical background and 'we hold that its construction must be that the crime of abandonment of an'd failure to support a child is made by it an offense of the person who has the legal care and custody of the child and thus has the legal duty to support it. We think this was the intended and logical result of the Amendment of 1921.

Moreover, as pointed out by Judge Bennick in his opinion herein (243 S. W. (2d), l. c. 822), when the Legislature amended Section 559.-350 in 1947 (Laws 1947, Vol. I, p. 259) this statute previously had been so construed in Canfield and Barcikowsky cases and it was reenacted without any amendment to change this construction. It is significant also that this 1947 amendment was recommended by The Children's Code Commission (established by the 1945 General Assembly) which had made a thorough study of laws relating to children and which also recommended a new statute to prescribe procedure for establishment of paternity and to impose upon fathers of illegitimate children the obligation to support them. (See 1946 Report of The Children's Code Commission to the Governor and General Assembly, Vol. 1, House & Senate Journals, 64th General Assembly, p. 118 and p. 136.) For all these reasons, we think the Court of Appeals has correctly construed Section 559.350 in its opinion herein and has properly overruled State v. Williams, [844] 224 S. W. (2d) 844. A change of the established rule as to custody and support of illegitimate children and the creation of any broader rights or remedies is a matter for the Legislature, which could in such legislation provide adequate procedure for determining paternity.

Therefore, the judgment is reversed and the defendant discharged. All concur.