**STATE of Missouri, Respondent,**

v.

**Jake Benton ALBERSON, Appellant.**

**No. 46467.**

Supreme Court of Missouri,

Division No. 2.

July 13, 1959.

774

Wm. J. Hough, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Harold L. Henry, Sp. Asst. Atty. Gen., for respondent.

LEEDY, Judge.

Jake Benton Alberson was, in the Circuit Court of the City of St. Louis, convicted and sentenced as an habitual criminal to ten years in the penitentiary for the offense of stealing, and he has appealed.

Appellant has not filed a brief, so we are relegated to the allegations of error contained in his motion for new trial, among which is a challenge of the sufficiency of the evidence. The property alleged to have been stolen was a motor vehicle, to-wit, a 1950 Buick convertible. The accused did not testify and offered no evidence in his own behalf. The substance of the state's evidence was that Fred Adams, the owner of a 1950 Buick blue convertible, left it parked on a lot because the transmission was slipping. He locked the transmission and retained the key, but left the doors unlocked. The lot was located near 9th and Benton Streets and within two blocks of the owner's home on North Broadway in the City of St. Louis. The car remained on the lot three weeks or a month, when Adams noticed it was missing, and he reported that fact to the police. He had gone by the lot each week "just to see that it hadn't been meddled with."

George Henderson, the manager of a garage located at 3708 Chouteau, whose business was buying, selling and repairing cars, testified that he bought a 1950 Buick blue convertible from the defendant on Sunday morning, April 8, 1956, after having discussed the prospective purchase two or three days earlier, when he went up into North St. Louis with the defendant and saw the car on a lot (premises not otherwise identified); that both the defendant and his father-in-law were present at the garage when witness purchased the car and it was delivered; that the agreed purchase price was $50, but when the defendant said he had left his title at home, the witness paid him $25 and agreed to pay the balance of $25 when the title was brought in, which never happened; that the car remained on

the garage lot until the following November, when it was picked up by the police; that about thirty days after he purchased the car he made several attempts to locate the defendant, but was unsuccessful; that the next time he saw him was in the following November at the city jail; that defendant's father-in-law was also present at that time, as were two police officers (later identified as Detectives Heckel and Crowe); that Alberson was then and there questioned concerning the Buick blue convertible which he had sold the witness, and "he said he sold it to me for twenty-five dollars, fifty dollars, and I paid him twenty-five, and he was supposed to get the other twenty-five when he brought the title." He further stated that he stole the car but told his father-in-law that he had bought it, and got him (his father-in-law) to push the car around the block to start it.

Detective Heckel of the St. Louis Police Department testified that defendant was questioned at the city jail on November 25, 1956, the occasion referred to by the witness Henderson, and that he was "asked if he had taken or stolen that Buick convertible from approximately 9th and Benton Street, and he said that he did steal a 1950 blue convertible on or about April 7, at about nine or nine-thirty p. m.," which car he sold to Henderson for $50, but received only $25 in cash, the remaining $25 Henderson agreed to pay when the title was brought to him.

Detective Tom Crowe of the St. Louis Police Department also testified to the fact that the defendant on the occasion mentioned by Detective Heckel and witness Henderson orally admitted in his presence that in April, 1956, he stole the car from the lot at 9th and Benton and sold it to Henderson upon the terms and at the time heretofore stated.

■ The state's showing, as thus stated in condensed form, renders untenable appellant's contention that the court should have directed a verdict of acquittal.

■ Such assignments as those numbered 1 and 2 (that the verdict "is against the law" and "against the evidence and the weight of the evidence") are too general to preserve anything for review under Rule 27.20, Supreme Court Rules, 42 V.A. M.S.

Complaint is made of the failure of the court to declare a mistrial at the close of the state's opening statement "after reference had been made to one Hayes who had allegedly bought a license for the subject automobile, when there was no attempt in the opening statement to connect Hayes with the defendant and when there was no subsequent evidence introduced at the trial to connect Hayes with the defendant." The prosecutor's statement was that Henderson would testify that after having purchased the car in question, he sold another automobile to a man by the name of Hayes, and that he told Hayes, who had no license plate, that he might take one "off the old car setting over there" (apparently referring to the Buick in question). Upon objection that there was nothing to connect the defendant with Hayes, the court instructed the jury to disregard the statement. Defendant's counsel then asked that a mistrial be declared, which the court denied, saying, and properly so: "I don't think the fact that Mr. Henderson told Mr. Hayes about the license plate could be prejudicial to the defendant Alberson and therefore I deny the request for a mistrial." This motion was renewed at the close of the state's case, and the court again declared that it did not think there had been any prejudice, and therefore denied the motion. We fail to see how the court could have properly ruled otherwise; and defendant's contention is, therefore, disallowed.

■ Three of the assignments of the motion for new trial raise questions which involve the value of the car alleged to have been stolen. The first of these complains of the court's questioning of Henderson as to the value of the automobile "for the reason that it was an improper injection

by the court of its own into the trial and for the further reason that said Henderson was not properly qualified as an expert to testify as to the value of the automobile." So far as we are able to ascertain, this refers to a single question concerning the value of the car as propounded by the court to the witness Henderson, and the latter's reply thereto, as follows: "The Court: What in your opinion was the reasonable market value of that car in April, 1956? A. At that time, about fifty dollars." We fail to find any merit in the assignment. Under subsection 2 of § 560.-161, RSMo and V.A.M.S., the offense for which defendant was tried "is deemed a felony regardless of the value of the property stolen and a person convicted shall be punished as provided in subdivision (2), of subsection 1, if the property intentionally stolen: * * * (2) Consists of any motor vehicle; * * *." Consequently, the showing as to the monetary value of the car could have had no effect, in a legal sense, upon the issues in the case, and this being true, it follows there could have been no resulting prejudice to defendant.

While the information alleged the value of the Buick to be $275, the finding in that regard upon which the state's main instruction, No. 1, conditioned a verdict of guilty was that such vehicle be "of the value of fifty dollars." Here, again, the provisions of subsection 2 of § 560.161 are controlling, and under its terms, the value of the motor vehicle is of no moment, so that the hypothesis of the instruction concerning value, as just mentioned, is to be treated as surplusage and is not regarded as being at variance with the charge. Inasmuch as § 560.161 removed from the case any question of the commission of a misdemeanor based on the value of the chattel as being under $50, the court did not err, as charged in the motion for new trial, in refusing to instruct "on the charge of stealing under fifty dollars."

There are three other assignments in the motion for new trial, but inasmuch as they are either too general to preserve anything for review or the facts on which they are based are not borne out by the transcript of the record, we do not discuss them.

We find no reversible error in those portions of the record which Rule 28.02 requires us to examine whether error thereon is assigned or not. The judgment is affirmed.

All concur.