JAMES ———————— and Evon Abella ———— ————, Minors, by Their Next Friend, Betty ————————, Appellants,

v.

Glenn W. HUTTON, Respondent.

No. 23792.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

E. J. Murphy, Butler, for appellants.

Lynn M. Ewing, Jr., Nevada, for respondent.

BROADDUS, Presiding Judge.

This is an action by minor plaintiffs, by their mother and next friend, against defendant seeking a declaratory judgment that they are the illegitimate children of said defendant and seeking support money from him. Defendant filed a motion to dismiss,

which was sustained, and from which order plaintiffs appealed.

■ It is the settled rule that the Declaratory Judgment Act, Sect. 527.010 et seq., V.A.M.S.1959, is applicable only in those cases where there is a justiciable dispute or controversy. Simpson v. American Auto Ins. Co., 327 S.W.2d 519 (Mo.App.); Cotton v. Iowa Mutual Liability Ins. Co., 363 Mo. 400, 251 S.W.2d 246. In other words, there must be legal rights and obligations involved in any such action.

As is apparent from the opening paragraph of this opinion the basic dispute is whether there is a civil cause of action by or on behalf of minor children, who are admittedly illegitimate, against an alleged putative father. In other words, is there a civil action against the father of illegitimate children, for the support of such children?

The courts of Missouri have consistently refused to provide such a remedy. Plaintiffs in their brief admit, as pointed out in the cases of State ex rel. Canfield v. Porterfield, 222 Mo.App. 553, 292 S.W. 85; State v. White, 363 Mo. 83, 248 S.W.2d 841, and Nelson v. Thompson, 253 S.W.2d 516, (Mo. App.), that at common law there was no legal duty upon the father of illegitimate children for their support. Plaintiffs also admit that the Legislature of Missouri has never enacted a so-called "Bastardy Statute" providing a civil obligation to support illegitimate children, enforceable civilly.

Missouri for many years has had a Non-Support Statute, now numbered Section 559.350. Plaintiffs claim that this statute imposes an obligation, by inference, upon the father of illegitimate children for their support. Section 559.350 has only a criminal penalty. This statute was amended in 1953 to include the provision in the present law that lack of custody in the father was not a defense to a criminal prosecution.

■ The leading case on the matter of civil actions being created by or arising from criminal statutes is Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122 (En Banc.) At 295 S.W.2d 1. c. 126, the court said:

"* * * it may be correctly stated that a statute which creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent."

The distinction is then made by the Court between those statutes where both a specific duty is imposed and the breach of the duty is made subject to a criminal penalty, and those statutes where only a penalty is imposed; and further points out that the many instances where civil enforcement is provided for by statute in addition to criminal penalties.

■ In State v. White, supra, our Supreme Court made it clear that the courts ought not change an established legal doctrine, particularly where the Legislature had received recommendation that a statute be adopted to provide a civil remedy for the establishment of paternity and the obligation of support against the father of illegitimate children. For this reason plaintiffs conclusion in this case, that the crime infers a civil support obligation enforceable in a civil cause, fails because the Legislature has had the distinction between civil and criminal enforcement brought to its attention, and has rejected civil enforcement in favor of criminal. The Legislature of the State of Missouri has established the policy for this State in regard to the so-called "Bastardy" actions and civil actions to establish paternity and to require the support of illegitimate children by persons found to be their parents. The policy is a negative one of consistently refusing to authorize such a proceeding or cause of action.

In the 64th General Assembly (1947) and the 66th General Assembly (1951) identical bills were introduced, providing a de-

tailed method of establishing paternity and requiring support. House Bill 119 of the 64th General Assembly passed the House and never came out of the Senate Committee to which it was referred. House Bill 274 of the 66th General Assembly was reported out "do not pass" by the House Committee to which it was referred.

Of special significance is House Bill 543 of the 70th General Assembly. This was a simple bill which we set forth in full.

## "AN ACT

"Relating to the support and maintenance of illegitimate children. Be it enacted by the General Assembly of the State of Missouri, as follows:

"Section 1. The father as well as the mother of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, or by a guardian ad litem appointed upon the written application or with the consent of the mother; provided that such application or consent shall not be necessary if the mother is dead or incompetent."

This bill was reported out by the House Committee to which it was referred with a recommendation of "do not pass." Thus it appears that within the last 17 years the General Assembly of the State of Missouri has three times rejected the concept of a civil determination of paternity and support in the matter of illegitimate children. By such action the General Assembly has said that the public policy of the State of Missouri is the law under the decisions of the Supreme Court and the Courts of Appeal which have held that there is no civil obligation for the support of illegitimate children as far as the father—either alleged or admitted—is concerned. The actions of the Legislature in this regard are an effective answer to plaintiffs' argument that the Courts should alter the present common law of Missouri.

The judgment is affirmed.

All concur, including DEW, Special Commissioner.