**Jacqueline M. HEEMBROCK, Plaintiff-Appellant,**

v.

**David T. STEVENSON, Defendant-Respondent.**

**No. 31576.**

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1965.

Wentker & McColloch, Andrew H. McColloch, St. Charles, for plaintiff-appellant.

H. K. Stumberg, Niedner, Niedner & Moerschel, Robert V. Niedner, St. Charles, for defendant-respondent.

J. P. MORGAN, Special Commissioner.

Plaintiff's suit against defendant stemmed from an alleged courtship and was in three counts seeking: (1) recovery of monies loaned defendant (2) recovery of monies expended by plaintiff for medical care and attention during her pregnancy, and (3) support and maintenance for her child.

The trial court rendered judgment on Count I for $2248.00 and no appeal was taken, but plaintiff has appealed from the

dismissals of Counts II and III. Her brief in neither "Points Relied On" nor "Argument" cites any authorities or arguments in support of the proposition that the court erred in dismissing Count II and must be considered as abandoned. Rafferty v. Levy, Mo.App., 153 S.W.2d 765; La Grange Reorganized School District No. R–VI v. Smith, Mo., 312 S.W.2d 135. Thus leaving the one ultimate question—is defendant civilly liable for the support and maintenance of his alleged child born out of wedlock?

Plaintiff's argument makes it obvious she is aware of the law of this State, but very forcefully contends, " * * * this Court should depart from the supposed common law rule of non-liability to support a child born out of wedlock because that rule is not suited to the conditions and needs of the people of this State and is repugnant to present day conceptions of legal, social and moral duties and obligations. It is impossible on principle to distinguish between the duty to support a child born in wedlock and the duty to support a child born out of wedlock when the basis for the duty is based upon parentage, and arises out of the helplessness of the child, and the drawing of a line in all cases of birth in lawful wedlock is artificial and arbitrary, there being no reason in law or nature to cause the child born out of wedlock to suffer additional burdens by reason of the illicit acts of the parents."

Plaintiff further contends that the provisions of Section 559.350, V.A.M.S., in making defendant subject to criminal prosecution necessarily created a civil liability for the support of his alleged child. This section was last amended in 1953 to add, " * * * it shall be no defense to such charge that the father does not have the care and custody of the child * * *."

■■ The last contention cannot be sustained for the imposition by the legislature of criminal sanctions against doing or not doing some act does not automatically include the authority for civil actions based upon violations of such a criminal statute. As expressed by the Supreme Court in Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, loc. cit. 126: "We think it may be correctly stated that a statute which creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent. * * *"

The question presented has often been before the appellate courts of this state, and its appearance in both criminal and civil cases has generally followed each legislative amendment to Section 559.350. Missouri Digest, Bastards; Annotations, Sec. 559.350, V.A.M.S. Our courts have consistently construed the criminal statute strictly and refused to extend liability beyond the expressed intention of the legislature.

Although involving criminal prosecution under Sec. 559.350 and prior to the 1953 amendment, the concluding paragraph of the Supreme Court opinion in State v. White, 363 Mo. 83, 248 S.W.2d 841, 844, is significant: " * * * A change of the established rule as to custody and support of illegitimate children and the creation of any broader rights or remedies is a matter for the Legislature, which could in such legislation provide adequate procedure for determining paternity."

■■ Again, subsequent to the trial of this cause and in light of the 1953 amendment, all questions now raised were reviewed by the Kansas City Court of Appeals in the civil case of James ——— v. Hutton, Mo.App., 373 S.W.2d 167. After detailing recent legislative action, it was stated, " * * * Thus it appears that within the last 17 years the General Assembly of the State of Missouri has three times rejected the concept of a civil determination of paternity and support in the matter of illegitimate children. By such action the General Assembly has said that

the public policy of the State of Missouri is the law under the decisions of the Supreme Court and the Courts of Appeal which have held that there is no civil obligation for the support of illegitimate children as far as the father—either alleged or admitted—is concerned. The actions of the Legislature in this regard are an effective answer to plaintiffs' argument that the Courts should alter the present common law of Missouri."

It appears that the effectiveness of plaintiff's argument must be determined in the legislative forum. For this reason, your Commissioner recommends that the judgment of the trial court be affirmed.

PER CURIAM:

The foregoing opinion by MORGAN, J., Special Commissioner, is adopted as the opinion of the court. Accordingly, judgment of the trial court is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.