STATE of Missouri, Respondent,

v.

Ned OSBORNE, Appellant.

No. 24533.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1967.

Petition for Writ of Certiorari Denied May 8, 1967.

R. H. Moore, Kansas City, for appellant.

Lawrence F. Gepford, Pros. Atty., Kansas City, for respondent.

BLAIR, Judge.

Misdemeanor. In the Circuit Court of Jackson County, Missouri, the charge against the defendant, Ned Osborne, was that on the 27th day of October, 1964, he had fathered four children out of wedlock and that they were under the age of 16 years and he did "unlawfully, wilfully and without good cause * * * abandon said children, and from said above date, to this date, (December 2, 1964) and thence hitherto did unlawfully, wilfully and without good cause, fail, neglect and refuse to maintain and provide for said children." The trial was before the court. It found the defendant guilty of the "offense of child abandonment" and not of the charge of failing, neglecting and refusing to "maintain and provide for" his children. This distinction should be borne in mind. Its finding has the force and effect of a verdict of a jury. Rule 26.01, Missouri Rules of Criminal Procedure, V.A.M.R. He was sentenced to serve one year in jail for his offense. At the trial he was represented by counsel and he is so represented before us. He filed a brief and his counsel argued the case to us orally. He has had his days in court. Our examination of the information discloses that it is sufficient to sustain the finding and judgment. We will discuss it further in another connection. The finding of guilt and the judgment are in due form and the sentence is within the legal limits.

 The motion for a new trial, on which the defendant was duly heard, and this was allocution, contains five grounds. We shall consider these grounds in what seems to us the logical order. One ground is that "Rule 78.01 *Granting a New Trial* states: 'A new trial may be granted for any of the reasons for which new trials have heretofore been granted. The court may

award a new trial of any issue upon good cause shown and in any case where there has been a failure of proof. * * * ' ". What defendant means by this ground we cannot say but it is enough to say that Civil Rule 78.01 which he cites has no application to criminal cases. Its counterpart is Rule 27.19, Missouri Rules of Criminal Procedure, V.A.M.R., and he does not mention it or intimate how we should apply it. This general ground directing us to an inapplicable civil rule, not to the applicable criminal rule, and setting forth nothing in detail and with particularity, presents nothing for review. Rule 27.20, Missouri Rules of Criminal Procedure, V.A.M.R.; State v. Alberson, Mo., 325 S.W.2d 773; State v. Terry, Mo., 325 S.W.2d 1. The next two grounds are "The verdict in said cause is against the evidence, against the weight of the evidence, and against the law under the evidence," and "The court erred in rejecting competent, relevant and material evidence offered by the defendant." These two grounds present nothing for review for they too fail entirely to set forth in detail and with particularity the specific theories on which they are based. The last two grounds of the motion for a new trial are: "The court erred in not sustaining defendant's motion for a Judgment of Acquittal" and "The burden is on the state to prove every constituent element of the offense; and must further show that the child is actually in need of food, clothing, and lodging; and it is required that the state prove paternity of the child and no such proof was offered, and that proof of paternity is a condition precedent to prosecution for nonsupport." We consider this last ground of the motion as explanatory of the preceding ground stating that the court erred in not sustaining defendant's motion for a judgment of acquittal and we construe it as embracing all of the defendant's theories of the supposed defects in the evidence he desires to present on this appeal.

■ Of course, it goes without saying that the state is always obliged to establish every constituent element of the offense. This is proverbial. State v. Akers, Mo. App., 287 S.W.2d 370, 372. Of course, one of the constituent elements of the offense was the paternity of the defendant. State v. Williams, Mo.App., 349 S.W.2d 375, 378. The contention that the state failed to establish that he was the father of the children named in the information requires no more than notice. The mother of the children testified that she and the defendant lived together in the same house for eight years and that the children were born during those years and that the defendant was their father. She was not even cross-examined about her testimony on this branch of the case. The defendant corroborated her testimony that he had lived with her continuously·in the same house for the same period of eight years. Indeed, he testified that they bought the house together and that they still owned it at the time of the trial. He testified that he always delivered his pay check to her for her support and that of the children and himself. He admitted that she gave birth to the four children during this eight year period. He admitted that during this eight year period they slept in the same bed and regularly had sexual intercourse. The mother of the children testified that she had never had sexual intercourse with any other man during this eight year period. He did not challenge this testimony. When it was squarely put to him whether he was the father of these children he entered no denial. He did indicate that he was somewhat dubious about his fatherhood of the "last one", saying "She was really light in color and what-have-you, and didn't possess any traits, you know, that I possess, or what-have-you, you know. A child usually have some trait or something that you recognize." But he did not deny that he was the father of this last child. He did not even question that he was the father of the other three children. The finding of the trial court that he was the father of these four children was supported by competent and substantial evidence.

■ Appellate courts review criminal cases tried before the court without a jury in the same manner they review those cases when tried before the court and a jury and if there is competent and substantial evidence which supports the finding of the court or the verdict of the jury, it must be allowed to stand. State v. Sargent, 241 Mo. App. 1085, 256 S.W.2d 265, 268; State v. Williams, Mo.App., 349 S.W.2d 375, 377. In view of the evidence recited, we are entirely without authority to question the trial court's finding on the issue of paternity.

[8] The contention that the state "must further show that the child is actually in need of food, clothing and lodging" is altogether without merit. It harks back to statutes of other days and rulings of other times. Obviously, the defendant has overlooked that his prosecution is based on Sec. 559.350, R.S.Mo.1959, V.A.M.S. We notice that this statute was repealed in 1965,[1] but it was in full force and effect at the time defendant was charged with abandoning his children and it stood when he was convicted. Its pertinent parts are: "(I)f any man or woman shall, without good cause, abandon or desert or shall without good cause fail, neglect or refuse to provide adequate food, clothing, lodging, medical or surgical attention for his or her child or children born in or out of wedlock, under the age of 16 years, * * * whether or not, in either such case such child or children, by reason of such failure, neglect or refusal, shall actually suffer physical or material want or destitution", he or she shall be adjudged guilty of a misdemeanor. Defendant cites decisions from our appellate courts construing earlier statutes which were supplanted by Sec. 559.350, R.S.Mo.1959, V.A.M.S. By this statute, applicable to him at the time of his offense, the General Assembly made it wholly unnecessary for the state to establish that a parent charged with "failing, neglecting or refusing to provide adequate food, clothing, lodging, medical or surgical attention for his or her children" thereby caused the child actually to suffer physical or material want or destitution.

Earlier and different statutes were indeed construed as requiring the state to establish that a child actually suffered physical or material want or destitution.[2] The defendant deals in other days. Under former statutes, a callous parent could entirely forsake his legal and moral obligations to his child and still be guilty of no criminal offense if the child was adequately cared for by others. State v. Thornton, 232 Mo. 298, 134 S.W. 519, 32 L.R.A.,N.S., 841; State v. Vogel, Mo.App., 51 S.W.2d 123; State v. Russell, Mo.App., 102 S.W. 2d 727. Sec. 559.350, R.S.Mo.1959, V.A. M.S., was advisedly enacted to destroy the exemption these earlier and different statutes and rulings allowed to parents failing to discharge their duty to their children if others provided for them adequately. Beyond all doubt, as a mere reading of it demonstrates, it accomplished that purpose.

■ Idle it is to call our notice to decisions which ruled that the putative father of an illegitimate child was not subject to civil liability for its support and that this burden was on the mother under the common law. We have so ruled. State ex rel. Canfield v. Porterfield, 222 Mo.App. 553, 292 S.W. 85; James ——— v. Hutton, Mo. App., 373 S.W.2d 167. Other appellate courts have ruled the same. Heembrock v. Stevenson, Mo.App., 387 S.W.2d 263; State v. White, 363 Mo. 83, 248 S.W.2d 841. About this there is no question. But this is no civil proceeding. This is a criminal prosecution and rulings which denied civil liability are wholly without materiality in the criminal cause we now hold in judgment. The General Assembly had a right to declare it a crime for a

---

1. New sections on the same subject were enacted, Secs. 559.353, 559.356, V.A.M.S. that same year.

2. Those statutes are reproduced verbatim on pages 646–647, Vol. 40, V.A.M.S.

parent to abandon his children without good cause.

■ There is another reason why there is no merit in this last complaint. The charges against the defendant were two in number: (1) *Abandoning* his children without good cause, and (2) "unlawfully, wilfully and without good cause" failing and refusing "to maintain and provide for said children." The charge that the defendant abandoned his children is obviously sufficient and it was of this charge *alone* that the trial court found him guilty. We refer the reader to the first paragraph of this opinion and to Sec. 559.350, R.S.Mo. 1959, V.A.M.S. It did not find him guilty of failing to maintain and provide for his children. Of this last charge he stands acquitted.

■ Our view is that the attempted charge of failure to "maintain and provide" for his children is, to say the least, questionable as a charge that the defendant violated Sec. 559.350, R.S.Mo.1959, V.A.M.S., by failing, neglecting and refusing to provide his children with "adequate food, clothing, lodging, medical or surgical attention" without good cause. A charge of failure to "maintain and provide" for one's children could mean very much or very little and what it says is quite vague. Sec. 559.350, R.S.Mo.1959, V.A.M.S., is specific in declaring what failures, neglects and refusals infringe it. This appeal does not call for us to decide this question. We leave it for prosecutors to examine in the future before they write charges under the law that may then be in force. 15A., Mo. Digest, Indictment & Inf., ⬥ 109.

■ ■ The state had the right to combine both offenses in one information and in one count in this instance. It did so. Yet it was required to prove only one to justify a conviction. " '(T)he rule is that no more than one offense can be charged in one count, but there are exceptions. When a statute in one clause forbids several things, or creates several offenses

in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense; and they may all be united conjunctively in one count, and the count is sustained by proof of one of the offenses charged.' So far as we are advised, in misdemeanor cases, the doctrine above stated has been followed in this state. It is textbook law from the earliest date of statutory construction." City of St. Louis v. St. Louis Theater Co., 202 Mo. 690, 100 S.W. 627, 628. This general rule governs when courts construe statutes like Sec. 559.350, R.S.Mo.1959, V.A.M.S., which we hold under scrutiny. The curious may compare State v. Thomas, 210 Mo.App. 493, 240 S.W. 857; Miller v. Gerk, Mo.App., 27 S.W.2d 444.

■ We have ruled all of the questions properly presented. In his brief, but not in his motion for a new trial, the defendant urges on us that he has been placed twice in jeopardy for the same offense. Sec. 19, Art. I, Const.1945, V.A.M.S. We notice this complaint under Rule 27.20(c), Missouri Rules of Criminal Procedure, V.A. M.R. But as the trial commenced, his counsel stated to the court that he had previously been convicted of wilfully failing, neglecting and refusing, without cause, to "support" these same children and that this present prosecution was a second one for the same offense. The answer to this is obvious. Assuming he had been previously convicted of not supporting his children, the trial court did not adjudge him guilty of this offense, but of the different offense of *abandoning* his children without cause. This is not double jeopardy. The offenses are not the same. Sec. 19, Art. I, Const.1945; 9 Mo.Digest, Criminal Law, ⬥195.

We acknowledge our authority, Rule 27.20(c), Missouri Rules of Criminal Procedure, V.A.M.R., to search this record at large, a pursuit some might regard as being in the interest of some manner of justice, for some reason to liberate this defendant from the consequences of his unjustified

abandonment of the children he has unquestionably begotten. But does justice require it? We think not. For we believe that justice has already been done by the trial court in this unhappy controversy. For us to seek ways which the defendant did not suggest in the trial court to exempt him from his moral and legal responsibility, would be, we think, for us to do injustice, rather than justice, and this is a search we decline to make.

The judgment of the circuit court is affirmed.

All concur.