### CITY OF ST. LOUIS ex rel. ATLAS PLUMBING SUPPLY COMPANY, Appellant,

v.

### AETNA CASUALTY AND SURETY COMPANY, a Foreign Corporation; J. S. Alberici Construction Company, Inc., a Corporation; and T. J. McNamara Company, Inc., a Corporation, Respondents.

#### No. 53269.

Supreme Court of Missouri, Division No. 1.

June 10, 1968.

Motion for Rehearing or for Transfer to Court En Banc Denied July 8, 1968.

Harper & Stone, St. Louis, for appellant.

David L. Millar, Ray E. White, Jr., Stamm, Millar, Neuhoff & White, St. Louis, for respondents, Aetna Casualty and Surety Company and J. S. Alberici Construction Company, Inc.

HIGGINS, Commissioner.

Atlas Plumbing Supply Company sued Aetna Casualty and Surety Company on its performance bond, and J. S. Alberici Construction Company, Inc., and T. J. McNamara Company, Inc., individually, for $1,964.45 balance on account of materials furnished on a contract with the City of St. Louis. Defendants Aetna and Alberici moved for dismissal on the ground the suit on the bond was not instituted within nine-

ty days after completion of the contract as required by Section 100.130, Revised Code of the City of St. Louis. From an adverse ruling sustaining the motion to dismiss, plaintiff appeals asserting jurisdiction in this court on the theory that constitutionality of an ordinance is involved.

Respondents dispute the existence of a constitutional question and jurisdiction must be settled before proceeding to the merits of the appeal.

On October 7, 1966, plaintiff filed petition alleging that Alberici entered into a contract with the City of St. Louis for construction of an addition to the Airline Service Building at the St. Louis airport; that Alberici and Aetna entered into a contract bond payable to the city, binding them to pay all lawful claims for amounts due for materials furnished in the construction; that Alberici sublet plumbing work to McNamara; that in reliance upon the general and subcontracts and the performance bond, and at the instance and request of McNamara, plaintiff furnished materials used in the construction; that a balance of $1,964.45 remains due plaintiff, for which plaintiff prayed judgment.

On October 31, 1966, defendants filed their MOTION TO DISMISS on the ground that plaintiff failed to comply with Section 100.130, Revised Code of the City of St. Louis, requiring such suits to be filed within 90 days of completion of the contract. A certified copy of the ordinance was attached to the motion, as was the affidavit of Charles E. Christian of Alberici stating that the contract was completed December 28, 1965, and that final payment was received by Alberici from the city May 26, 1966, both dates being more than 90 days prior to institution by plaintiff of the suit October 7, 1966.

On November 17, 1966, the motion to dismiss "was presented, argued, and taken as submitted."

On December 16, 1966, plaintiff filed ANSWER TO DEFENDANT'S MO-

**254**

TION TO DISMISS, raising for the first time "its Constitutional objection to the City Ordinance at issue," and praying the court to overrule defendants' motion to dismiss.

On July 13, 1967, the court "having heard and duly considered defendants' * * * Motion to Dismiss," ordered it sustained.

 The invalidity or unconstitutionality of an ordinance must be raised at the first opportunity that good pleading and orderly procedure permit and, if not so raised, is deemed waived. Frank v. Wabash R. Co., Mo., 295 S.W.2d 16, 21[7]; City of Frankford v. Davis, Mo.App., 348 S.W.2d 553, 554[4]; McDonald v. Plas, Mo.App., 401 S.W.2d 929, 935[9].

 This record shows that plaintiff failed to comply with the requirement of raising the constitutional issue at the first opportunity; the right to such an objection must, therefore, be deemed waived and thus there is no jurisdiction in this court. Defendants put the ordinance in issue when they moved for dismissal, not only by reference to, but by copy of, the ordinance as well. More than 30 days later, without any pleading or other record by plaintiff, the issue raised by the motion was presented, argued, and submitted to the court. Only after 30 days following submission did plaintiff make any attempt to question the constitutionality of the ordinance upon which defendants relied. Orderly procedure and good pleading reasonably required plaintiff to make its attack at least prior to submission of the issue to the court. Civil Rules 55.31 and 55.36, V.A.M.R.; Frank v. Wabash R. Co., supra, 295 S.W.2d l. c. 21 [8, 9]; McDonald v. Plas, supra.

Cause transferred to St. Louis Court of Appeals.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HENLEY, P. J., and STORCKMAN, J., and CASEY, Special Judge, concur.

SEILER, J., not sitting.