E_____ M_____ R_____ and G_____ P_____ R_____, a Minor, Plaintiffs-Appellants,

v.

G____ E_____ R_____, Defendant-Respondent.

No. 53315.

Supreme Court of Missouri, Division No. 1.

Sept. 9, 1968.

Stemmler & Stemmler, James A. Stemmler, St. Louis, for plaintiffs-appellants.

Thomas R. McGinnis, St. Louis, Cullen Coil, Jefferson City, for respondent, Carson, Inglish, Monaco & Coil, Jefferson City, of counsel.

WELBORN, Commissioner.

Action for declaration of parenthood and to compel alleged father of illegitimate child to pay mother "a just and proper amount of money for the support of said minor child." The trial court dismissed the petition upon the defendant's motion. This appeal followed.

The petition, by the minor through his mother as a next friend and by mother, alleged that defendant is father of plaintiff minor, born July 24, 1965. The petition alleged that a justiciable controversy existed in that plaintiffs assert that defendant is the father of the child and defendant denies that he is. The petition sought a declaration that defendant is the father of the minor plaintiff and for an order to compel defendant to pay for his support. The defendant's motion to dismiss for failure to state facts which would entitle plaintiffs to relief was sustained by the trial court.

Since Easley v. Gordon, 51 Mo.App. 637, decided in 1892, the courts of this state have held that, in the absence of any statute, the common law imposed the duty of supporting an illegitimate child upon the mother and no legally enforceable obligation for support was imposed upon the father. This law was applied as recently as 1965 by the St. Louis Court of Appeals in Heembrock v. Stevenson, 387 S.W.2d 263. See also James, etc. v. Hutton, Mo. App., 373 S.W.2d 167; Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122; State v. White, 363 Mo. 83, 248 S.W.2d 841.

The appellants attack this rule of law on the grounds that the discrimination between legitimate and illegitimate children which the law reflects is unconstitutional under the equal protection clause of the United States (Fourteenth Amendment, § 1) and State (Article I, § 2, § 14) Constitutions.

The respondent suggests that the constitutional question is not properly before us because it was not raised at the earliest possible time in the trial court. The respondent suggests that, inasmuch as plaintiffs must have been aware that the Missouri law was contrary to their claim, they should have asserted the invalidity of the existing law in their petition. We disagree. The plaintiffs were not required to anticipate the defense which would be offered against their claim. The motion to dismiss was in general terms, so there was no occasion for plaintiffs to attack it by way of pleading (compare City of St. Louis ex rel. Atlas Plumbing Supply Co. v. Aetna Casualty & Surety Co., et al., Mo.Sup., 429 S.W.2d 252, decided June 10, 1968). The

**154**

transcript on appeal shows that the constitutional question was raised in the oral presentation of the motion to dismiss and preserved in the motion for new trial. We conclude that, in these circumstances, the constitutional question was raised at the earliest possible time, consistent with the rules of proper pleading. State v. Ivey, Mo.Sup., 303 S.W.2d 585.

 Subsequent to the submission of this case, the United States Supreme Court, in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, and Glona v. American Guarantee & Liability Insurance Company, et al., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441, decided May 20, 1968, held that the equal protection clause of the Fourteenth Amendment prohibited the states from discriminating between legitimate and illegitimate children, insofar as the right of illegitimate children to recover for the wrongful death of their mother and the right of the mother to recover for the wrongful death of her illegitimate child were concerned. See also Armijo v. Wesselius, 73 Wash.Dec.2d 721, 440 P.2d 471, decided May 2, 1968, by the Supreme Court of Washington. The principles applied by the United States Supreme Court would render invalid state action which produces discrimination between legitimate and illegitimate children insofar as the right of the child to compel support by his father is concerned. Under the guise of discouraging illegitimacy, states may no longer cast the burden upon the innocent child.

The decisions of the United States Supreme Court compel the conclusion that the proper construction of our statutory provisions relating to the obligations and rights of parents (§§ 452.150, 452.160, RS Mo 1959, § 559.353, RSMo 1967 Supp., V.A.M.S.) affords illegitimate children a right equal with that of legitimate children to require support by their fathers. Prior cases to the contrary are no longer to be followed.

The judgment is reversed and the cause remanded for further proceedings.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HENLEY, P. J., SEILER, J., and VARDEMAN, Special Judge, concur.

STORCKMAN, J., not sitting.